**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Robenson Jean-Pierre and Jean Metelus, on behalf of themselves and all others similarly situated, | Civil Action No.: 1:18-cv-11499 |
| Plaintiffs, | |
| v. | |
| J&L Cable TV Services, Inc., | |
| Defendant. | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR CONDITIONAL CERTIFICATION
<u>AND TO FACILITATE NOTICE UNDER 29 U.S.C. § 216(b)</u>**

## TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................................................... 1

II.  FACTUAL BACKGROUND ..................................................................................... 3

    A.   J&L and Its Technician Employees .................................................................. 3
    B.   Working as a J&L Technician ........................................................................... 4
    C.   J&L's Technician Compensation Model ........................................................... 7

III. ARGUMENT .............................................................................................................. 8

    A.   Legal Standard for Conditional Certification Under the FLSA ....................... 8
    B.   This Case Should Be Conditionally Certified Because The Proposed Collective Is
        Similarly Situated ............................................................................................. 9

        1.   J&L's Pay Policies Impact Collective Members in the Same Manner ................... 11
        2.   Plaintiff's Claims Are Similar to those of the Collective because Collective
            Members Have Similar Job Duties, Responsibilities, Work Hours, and
            Compensation ........................................................................................................ 12
        3.   Similar Cases Have Been Certified ........................................................................ 13

    C.   Notice is Appropriate and Necessary to Protect Collective Members' Rights ........... 14

IV.  CONCLUSION ........................................................................................................ 17

# TABLE OF AUTHORITIES

Cases

*Beasley v. Custom Commc'ns, Inc.*,
   No. 5:15-CV-583-F, 2016 WL 5468255 (E.D.N.C. Sept. 28, 2016)...................................... 13
Calvillo v. Bull Rogers, Inc.,
   --- F. Supp. 3d ---, 2017 WL 3172843 (D.N.M. July 25, 2017) .............................................. 16
*Cunha v. Avis Budget Car Rental, LLC*,
   221 F. Supp. 3d (D. Mass 2016) ....................................................................................... 9, 10
*Davine v. Golub Corp.*, No. CIV.A. 14-30136-MGM,
   2015 WL 1387922 (D. Mass. Mar. 25, 2015)....................................................................... 10
*Fenley v. Wood Grp. Mustang, Inc.*,
   170 F. Supp. 3d 1063 (S. D. Ohio 2016) ............................................................................. 16
*Gonpo v. Sonam's Stonewalls & Art LLC*,
   2018 WL 1725695 (D. Mass. April 9, 2018)............................................................... 9, 10, 14
*Hoffman-La Roche, Inc., v. Sperling*,
   493 U.S. 165 (1989)................................................................................................................. 14
*Irvine v. Destination Wild Dunes Management, Inc.*,
   132 F. Supp. 3d 707 (D.S.C. Sept. 14, 2015)......................................................................... 16
*Jason v. Falcon Data Com, Inc.*,
   No. 09-cv-03990 (JG)(ALC), 2011 WL 2837488 (E.D.N.Y. July 18, 2011)........................... 14
*Joiner v. Groupware Int'l, Inc.*,
   No. 8:09–cv–1943–T–26MAP, 2010 WL 2136533 (M.D. Fla. May 27, 2010)....................... 14
*Kesley v. Entm't U.S.A. Inc.*,
   67 F. Supp. 3d 1061 (D. Ariz. 2014) ..................................................................................... 16
*Lichy v. Centerline Commc'ns LLC*,
   No. 15-CV-13339-ADB, 2018 WL 1524534 (D. Mass. Mar. 28, 2018)............................ 9, 10
*Litz v. Saint Consulting Group, Inc.*,
   No. CIV.A. 11-10693-GAO, 2012 WL 549057 (D. Mass. Feb. 17, 2012) ................................ 10
*Mejias v. Banco Popular de Puerto Rico*,
   86 F. Supp. 3d 84 (D.P.R. 2015)............................................................................................. 11
*Monroe v. FTS USA, LLC*,
   860 F.3d 389 (6th Cir. 2017) ................................................................................................. 13
*Norceide v. Cambridge Health*,
   *All.*, 814 F. Supp.2d 17 (D. Mass. 2014) ............................................................................... 10
*O'Brien v. Lifestyle Transp., Inc.*,
   956 F. Supp. 2d 300 (D. Mass. 2013) .................................................................................... 8
*Perez v. Shucks Maine Lobster LLC*,
   No. 2:15-CV-00348-JAW, 2016 WL 6304674 (D. Me. Oct. 27, 2016)................................... 13
*Petty v. Russell Cellular, Inc.*,
   No. 2:13-cv-1110, 2014 WL 1308692 (S.D. Ohio Mar. 28 2014) .......................................... 16
*Phelps v. MC Comm'cs, Inc.*,
   No. 2:11-cv-42, 2011 WL 3298414 (D. Nev. Aug. 1, 2011)................................................... 16
*Poreda v. Boise Cascade, L.L.C.*,
   532 F. Supp. 2d 234 (D. Mass. 2008) ............................................................................... 9, 10

*Prejean v. O'Brien's Response Mgmt., Inc.*,
   No. 12-cv-1045, 2013 WL 5960674 (E.D. La. Nov. 6, 2013) ................................................ 16
*Roberts v. TJX Companies, Inc.*,
   2017 WL 1217114 (D. Mass. Mar. 31, 2017) ..................................................................... 2, 9
*Taylor v. Bear Commc'ns, LLC*,
   No. 4:12–CV–01261–BCW, 2013 WL 3270971 (W.D. Mo. June 27, 2013) ....................... 14
*Tennessee Coal Iron & R. Co., v. Muscoda Local No. 123*,
   321 U.S. 590 (1944) ................................................................................................................... 8
*Thiessen v. Gen. Elec. Capital*,
   267 F.3d 1095 (10th Cir. 2001) ............................................................................................... 10
*Thompson v. Peak Energy Servs. USA, Inc.*,
   No. 13-0266, 2013 WL 5511319 (W.D. Pa. Oct. 4, 2013) ...................................................... 16
*Toerrezani v. VIP Auto Detailing, Inc.*,
   318 F.R.D. 548 (D. Mass. 2017) ................................................................................................ 9
*Trezvant v. Fid. Emp'r. Servs. Corp.*,
   434 F. Supp. 2d 40 (D. Mass. 2006) ................................................................................ 2, 9, 10
*Whitehorn v. Wolfgang's Steakhouse, Inc.*,
   767 F. Supp. 2d 445 (S.D.N.Y. 2011) ..................................................................................... 16
*Williams v. Grayco Cable Servs., Inc.*,
   187 F. Supp. 3d 760 (S.D. Tex. 2016) .................................................................................... 13
*Woods v. Vector Mktg. Corp.*,
   No. 14-cv-0264 EMC, 2015 WL 1198593 (N.D. Cal. Mar. 16, 2015) .................................... 16

Statutes

29 U.S.C. § 202(a)(b) .................................................................................................................... 8
29 U.S.C. § 207 (a), (g) .............................................................................................................. 10
29 U.S.C. § 216(b) ....................................................................................................................... 1
29 U.S.C. §§ 206, 207(a)(1) ...................................................................................................... 10
29 U.S.C. §§ 211(c), 215(a)(5) ................................................................................................. 10

Regulations

29 C.F.R. § 516.2(a)(7) ............................................................................................................... 11
29 C.F.R. § 531.35 .................................................................................................................. 8, 12
29 C.F.R. § 790.21(b)(2) ............................................................................................................... 2
29 C.F.R. §§ 785.18, 785.19(a) .................................................................................................. 11

Other Authorities

*Collective Confusion: FLSA Collective Actions, Rule 23 Class Actions, and the Rules Enabling Act*,
   61 HASTINGS L.J. 275(2009) ...................................................................................................... 3
H.R. Rep. No. 75-2182 .................................................................................................................. 3

## I.    <u>INTRODUCTION</u>

Plaintiffs Robenson Jean-Pierre and Jean Metelus ("Plaintiffs") move the Court for conditional certification to proceed as a collective action under the Fair Labor Standards Act and to facilitate notice of this action to the Collective. Plaintiffs and proposed Collective members are former and current non-exempt employees of Defendant.  Plaintiffs and proposed Collective members (collectively "Technicians") worked for Defendant J&L Cable TV Services, Inc. ("J&L") throughout the United States as technicians installing cable and communication equipment on behalf of J&L.

This lawsuit concerns J&L's violation of Federal and Massachusetts labor laws. Throughout the relevant time period, J&L eschewed its obligations under the FLSA by failing to pay Technicians proper wages, including minimum and overtime wages. Specifically as outlined in the pleadings and declarations: (1) J&L pressures Technicians to underreport the amount of time worked, instructs Technicians to alter their time cards to underreport their hours, and manipulates time cards to decrease the amount of reported hours worked; (2) J&L deletes piece-rate codes submitted by Technicians, even when the task was completed; (3) J&L changes code entries for piece-rates to lower-paying piece-rates; (4) J&L requires Technicians to deduct a thirty-minute meal period from their hours, even when J&L knows the Technicians do not, and by virtue of their grueling schedules could not, take a meal period; and (5) J&L requires Technicians to incur significant expenses for J&L's sole benefit that reduces Technicians' minimum and overtime wages. J&L further fails to maintain proper time records of such work, thereby violating FLSA record-keeping requirements.

Under the FLSA, individuals may bring collective actions on behalf of all others "similarly situated."  29 U.S.C. § 216(b).  Courts grant conditional certification for court-facilitated notice based upon the pleadings and limited evidence showing a common illegal policy. *See Trezvant v.*

*Fid. Emp'r. Servs. Corp.*, 434 F. Supp. 2d 40 (D. Mass. 2006) (noting that standard is "fairly lenient," and "typically results in conditional certification of the representative class."). Plaintiffs here meet this lenient standard with the detailed allegations in the Collective and Class Action Complaint ("Complaint"), Defendant's Answer ("Answer"), the declarations of the two named Plaintiffs, and the declarations of four additional Opt-In Plaintiffs who worked in five different states, and who have all provided testimony about J&L's common pay practices that cause violations of the FLSA.

To date, 24 potential Opt-In Plaintiffs have already submitted consent forms to join the lawsuit. Dkt. Nos. 4, 5, 18, 20, 24, 25.  Hundreds of other employees may be eligible to join this Collective action. These hundreds of other employees, like the proposed Collective members, are similarly situated because they all: (1) have similar job positions and requirements; (2) are subject to similar employment terms; and (3) are subject to J&L's common policies and practices, regardless of geographic location, as described herein, that violate the FLSA.

Plaintiffs seek conditional certification of this collective action.  Plaintiffs also seek Court-facilitated notice so that other similarly situated employees may "opt-in" to this lawsuit.[1] Specifically, Plaintiffs seek to notify:

---

[1] Notice should be issued on an expedited basis to promote the broad remedial purpose of the FLSA and prevent the wasting of viable claims for unpaid wages. *Roberts v. TJX Companies, Inc.,* 2017 WL 1217114, at *8 (D. Mass. Mar. 31, 2017). Unlike Rule 23 class actions, in collective actions, the statute of limitations for proposed collective members is not tolled with the filing of the action, but rather with the filing of an opt-in consent. 29 C.F.R. § 790.21(b)(2). Plaintiffs respectfully request expedited treatment of this motion, as the issuance of prompt notice will provide the technicians the opportunity to join this action while they still have claims that are not time-barred. Without prompt notice, potential opt-in Plaintiffs are prejudiced, because for those who worked three years ago, each day that passes without their having the opportunity to join ticks another day of damages off the clock.

All current and former non-exempt employees of J&L working as Technicians throughout the United States between [three years prior to the date of this Order granting Conditional Certification] and the present (the "Collective").

This case is ideally suited for collective action. It involves modest, hourly wage earners who do not have the means to individually challenge their employer's compensation policies. J&L's Technicians are the kind of workers that the FLSA was designed to protect.[2] Because there are many other workers who may not be aware of this lawsuit and of their right to proceed in this forum, Plaintiffs respectfully request that the Court conditionally certify the proposed Collective, and that direct notice be sent to the proposed Collective members.

## II.   FACTUAL BACKGROUND

### A.   J&L and Its Technician Employees

J&L provides cable and communication equipment installations on behalf of cable operators throughout the United States, including but not limited to Florida, Massachusetts, Connecticut, New Hampshire and Maine.[3] To carry out its installation services, J&L employs "Technicians" – individuals who are classified as non-exempt.[4]

---

[2] *See* DANIEL C. LOPEZ, *Collective Confusion: FLSA Collective Actions, Rule 23 Class Actions, and the Rules Enabling Act*, 61 HASTINGS L.J. 275, 281 (2009) (citing The Fair Labor Standards Act 3-9 (Ellen C. Kearns et al. eds., 1999) and H.R. Rep. No. 75-2182, at 6 (1937)) ("It was believed that a nationwide statutory floor was needed to ensure humane working conditions for workers on the lowest rung of the socio-economic ladder and that state laws would be toothless without this federal floor. Large employers would suppress wages, lower the price of their goods, and ultimately find a market for those cheap goods in states that attempted to maintain high labor standards.")).

[3] *See* Pl.s' Compl., ¶ 14; Answer, ¶ 16; Declaration of Robenson Jean-Pierre ("Jean-Pierre Decl.") ¶ 6; Declaration of Jean Metelus ("Metelus Decl.") ¶ 7; Declaration of Esty Cajuste ("Cajuste Decl.") ¶ 7; Declaration of Moise Leveille ("Leveille Decl.") ¶ 6; Declaration of Markenson Morinvil ("Morinvil Decl.") ¶ 7; Declaration of Jean Frederique ("Frederique Decl.") ¶ 7. *See also* http://www.jandlcable.com/ ("J&L Cable currently serves Comcast Customers in GBR Region, WNE Region, Florida Region, and the Keystone PA Region. Charter Customers in the New England Region.") (last viewed Dec. 4, 2018).

[4] *See* Pl.s' Compl., ¶¶ 16, 31; Jean-Pierre Decl., ¶¶ 3, 5; Metelus Decl., ¶¶ 3, 6; Cajuste Decl., ¶¶ 3,6; Leveille Decl., ¶¶ 3, 5 ; Morinvil Decl., ¶¶ 3, 6; Frederique Decl., ¶¶ 3, 6.

Plaintiffs Robenson Jean-Pierre and Jean Metelus have worked as Technicians for J&L between 2016 and 2018.[5] Plaintiffs and other Technicians' duties include, but are not limited to: driving to and from customer locations; installing cable, telephone, and internet service; making repairs; troubleshooting; and educating customers.[6] To perform these basic job duties, Technicians purchase their own tools and equipment, such as a wireless drill, drill bits, pliers, screwdrivers, staple guns, nails, splitters, safety vest, wrench, crimper, safety glasses, many types of cable, gasoline for trucks, cable caddy, ladder belt, boots and pants.[7]

## B.   Working as a J&L Technician

Technicians' workdays begin when they report to a J&L warehouse.  Technicians typically arrive early – between 6:00 a.m. and 7:00 a.m.[8] At the warehouse, Technicians gather equipment they will need for the day, including, but not limited to, modems, cable boxes, including DTA (type of cable Box), and remotes.[9] Technicians must wait in line with the other Technicians to gather additional equipment.[10] Technicians are not compensated for this pre-shift activity.[11]

At least once a week, Technicians are required to report to the warehouse one hour before

---

[5] *See* Pl.s' Compl., ¶¶ 12-13; Answer at ¶¶ 12-13; Jean-Pierre Decl., ¶ 3; Metelus Decl., ¶ 3. Plaintiffs are former employees of Defendant. For ease of reading, all facts are presented in the present tense for Plaintiffs and other Technicians.
[6] *See* Pl.s' Compl., ¶ 17; Answer at ¶ 17; Jean-Pierre Decl., ¶ 7; Metelus Decl., ¶ 8; Cajuste Decl., ¶ 8; Leveille Decl., ¶ 7; Morinvil Decl., ¶ 8; Frederique Decl., ¶ 8.
[7] *See* Pl.s' Compl., ¶ 41; Jean-Pierre Decl., ¶ 25; Metelus Decl., ¶ 26; Cajuste Decl., ¶ 26; Leveille Decl., ¶ 25; Morinvil Decl., ¶ 26; Frederique Decl., ¶ 25.
[8] *See* Pl.s' Compl., ¶ 18; Jean-Pierre Decl., ¶ 8; Metelus Decl., ¶ 9; Cajuste Decl., ¶ 9; Leveille Decl., ¶ 8; Morinvil Decl., ¶ 9; Frederique Decl., ¶ 9.
[9] *See* Pl.s' Compl., ¶ 18; Jean-Pierre Decl., ¶ 8; Metelus Decl., ¶ 9; Cajuste Decl., ¶ 9; Leveille Decl., ¶ 8; Morinvil Decl., ¶ 9; Frederique Decl., ¶ 9.
[10] *See* Pl.s' Compl., ¶ 18; Jean-Pierre Decl., ¶ 8; Metelus Decl., ¶ 9; Cajuste Decl., ¶ 9; Leveille Decl., ¶ 8; Morinvil Decl., ¶ 9; Frederique Decl., ¶ 9.
[11] *See* Pl.s' Compl., ¶ 18; Jean-Pierre Decl., ¶¶ 8-9; Metelus Decl., ¶¶ 9-10; Cajuste Decl., ¶¶ 9-10; Leveille Decl., ¶¶ 8-9; Morinvil Decl., ¶¶ 9-10; Frederique Decl., ¶¶ 9-10.

their usual start time so that J&L can perform an inventory of their vehicles.[12] At this time, Technicians are required to pick up any additional equipment J&L deems necessary.[13] Technicians are not compensated for this pre-shift activity.[14]

Technicians receive their job assignments for the day on Tech Net – typically between 6:00 a.m. and 7:00 a.m.[15] Technicians are generally assigned five to ten jobs per day.[16] Each job entails one or more tasks, *e.g.*, installing a cable, setting up internet service, and/or creating an electrical outlet.[17]

Once a Technician completes one job, they drive to their next job. The drive time often takes over thirty minutes, and can take over an hour.[18] J&L, however, does not pay for such drive time.[19]

This work schedule requires Technicians to work long hours. Technicians typically work five to seven days per week, ten to sixteen hours per day, and between fifty and one-hundred and twelve hours per week.[20]  A portion of this time, however, goes unreported or is outright eliminated

[12] *See* Pl.s' Compl., ¶ 19; Jean-Pierre Decl., ¶ 9; Metelus Decl., ¶ 10; Cajuste Decl., ¶ 10; Leveille Decl., ¶ 9; Morinvil Decl., ¶ 10; Frederique Decl., ¶ 10.
[13] *See* Pl.s' Compl., ¶ 19; Jean-Pierre Decl., ¶ 9; Metelus Decl., ¶ 10; Cajuste Decl., ¶ 10; Leveille Decl., ¶ 9; Morinvil Decl., ¶ 10; Frederique Decl., ¶ 10.
[14] *See* Pl.s' Compl., ¶ 19; Jean-Pierre Decl., ¶ 9; Metelus Decl., ¶ 10; Cajuste Decl., ¶ 10; Leveille Decl., ¶ 9; Morinvil Decl., ¶ 10; Frederique Decl., ¶ 10.
[15] *See* Pl.s' Compl., ¶ 20; Jean-Pierre Decl., ¶ 11; Metelus Decl., ¶ 12; Cajuste Decl., ¶ 12; Leveille Decl., ¶ 11; Morinvil Decl., ¶ 12; Frederique Decl., ¶12 .
[16] *See* Pl.s' Compl., ¶ 20; Jean-Pierre Decl., ¶ 12; Metelus Decl., ¶ 13; Cajuste Decl., ¶ 13; Leveille Decl., ¶ 12; Morinvil Decl., ¶ 13; Frederique Decl., ¶ 13.
[17] *See* Pl.s' Compl., ¶ 20; Answer, ¶ 20; Jean-Pierre Decl., ¶ 7; Metelus Decl., ¶ 8; Cajuste Decl., ¶ 8; Leveille Decl., ¶ 7; Morinvil Decl., ¶ 8; Frederique Decl., ¶ 8.
[18] *See* Pl.s' Compl., ¶ 23; Jean-Pierre Decl., ¶ 15; Metelus Decl., ¶ 16; Cajuste Decl., ¶ 16; Leveille Decl., ¶ 15; Morinvil Decl., ¶ 16; Frederique Decl., ¶ 15.
[19] *See* Pl.s' Compl., ¶ 23; Jean-Pierre Decl., ¶ 15; Metelus Decl., ¶ 16; Cajuste Decl., ¶ 16; Leveille Decl., ¶ 15; Morinvil Decl., ¶ 16; Frederique Decl., ¶ 15.
[20] *See* Pl.s' Compl., ¶¶ 24-26; Jean-Pierre Decl., ¶ 18; Metelus Decl., ¶ 19; Cajuste Decl., ¶ 19; Leveille Decl., ¶ 18; Morinvil Decl., ¶ 19; Frederique Decl., ¶ 18.

from Technicians' compensation.  J&L systematically pressures Technicians to underreport their hours, and threatens to – and in fact does – unilaterally change Technician time records.[21] Indeed, Technician supervisors instruct Technicians to reduce their hours, and encourage Technicians to report fewer hours than those worked.[22]

As a natural consequence of Technicians' overwhelming workload, and J&L's constant pressure to complete all daily job assignments, they are systematically denied the opportunity to take meal breaks.[23] J&L, however, routinely requires Technicians to falsely document that they took a thirty-minute meal break.[24] These thirty-minute meal periods – meal periods that rarely, in fact, occur – are uncompensated.[25]

If Technicians do not document that they took a thirty-minute meal break, J&L often alters their time sheets to show a thirty-minute meal break.[26]  Defendant's billing department routinely alters time records to include a thirty-minute meal period if the Technician failed to include one, whether the Technician took a thirty-minute meal period or not.[27]

---

[21] *See* Pl.s' Compl., ¶¶ 27; Jean-Pierre Decl., ¶ 23; Metelus Decl., ¶ 24; Cajuste Decl., ¶ 24; Leveille Decl., ¶ 23; Morinvil Decl., ¶ 24; Frederique Decl., ¶ 23.

[22] *See* Pl.s' Compl., ¶¶ 27; Jean-Pierre Decl., ¶ 23; Metelus Decl., ¶ 24; Cajuste Decl., ¶ 24; Leveille Decl., ¶ 23; Morinvil Decl., ¶ 24; Frederique Decl., ¶ 23.

[23] *See* Pl.s' Compl., ¶¶ 28; Jean-Pierre Decl., ¶ 19; Metelus Decl., ¶ 20; Cajuste Decl., ¶ 20; Leveille Decl., ¶ 19; Morinvil Decl., ¶ 20; Frederique Decl., ¶ 19.

[24] *See* Pl.s' Compl., ¶¶ 28; Jean-Pierre Decl., ¶ 20; Metelus Decl., ¶ 21; Cajuste Decl., ¶ 21; Leveille Decl., ¶ 20; Morinvil Decl., ¶ 21; Frederique Decl., ¶ 20.

[25] *See* Pl.s' Compl., ¶¶ 28; Jean-Pierre Decl., ¶ 20; Metelus Decl., ¶ 21; Cajuste Decl., ¶ 21; Leveille Decl., ¶ 20; Morinvil Decl., ¶ 21; Frederique Decl., ¶ 20.

[26] *See* Pl.s' Compl., ¶¶ 29; Jean-Pierre Decl., ¶ 20; Metelus Decl., ¶ 21; Cajuste Decl., ¶ 21; Leveille Decl., ¶ 20; Morinvil Decl., ¶ 21; Frederique Decl., ¶ 20.

[27] *See* Pl.s' Compl., ¶¶ 29; Jean-Pierre Decl., ¶ 20; Metelus Decl., ¶ 21; Cajuste Decl., ¶ 21; Leveille Decl., ¶ 20; Morinvil Decl., ¶ 21; Frederique Decl., ¶ 20.

### C.    J&L's Technician Compensation Model

J&L compensates its Technicians on a piece-rate basis, and in accordance with a formula that purports to account for productivity and hours worked.[28] Under J&L's piece-rate compensation structure, J&L provides Technicians with a job code for each discrete task they complete.[29] Each job code corresponds to a dollar amount that the Technician is to be paid for completing that task.[30]

Through this compensation system, Technicians are systematically denied the wages to which they are due and entitled.  It is J&L's policy and practice to alter time cards to minimize the amount of reported Technician work time, and does not count all time worked for purposes of calculating overtime premiums owed.[31]   J&L regularly and customarily slashes Technicians' recorded hours, deletes or alters codes that Technicians have submitted for completed job tasks, and pressures Technicians to omit completed tasks.[32] Similarly, J&L underpays Technicians by pressuring them to omit code entries for tasks they completed.[33] As a result, Technicians are routinely denied minimum wage and overtime compensation.[34]

---

[28] *See* Pl.s' Compl., ¶ 31; Answer, ¶ 31; *see also,* Jean-Pierre Decl., ¶ 21; Metelus Decl., ¶ 22; Cajuste Decl., ¶ 22; Leveille Decl., ¶ 21; Morinvil Decl., ¶ 22; Frederique Decl., ¶ 21.

[29] *See* Pl.s' Compl., ¶ 21; Jean-Pierre Decl., ¶ 21; Metelus Decl., ¶ 22; Cajuste Decl., ¶ 22; Leveille Decl., ¶ 21; Morinvil Decl., ¶ 22; Frederique Decl., ¶ 21.

[30] *See* Pl.s' Compl., ¶ 21; Jean-Pierre Decl., ¶ 21; Metelus Decl., ¶ 22; Cajuste Decl., ¶ 22; Leveille Decl., ¶ 21; Morinvil Decl., ¶ 22; Frederique Decl., ¶ 21.

[31] *See* Jean-Pierre Decl., ¶ 23; Metelus Decl., ¶ 24; Cajuste Decl., ¶ 24; Leveille Decl., ¶ 23; Morinvil Decl., ¶ 24; Frederique Decl., ¶ 23.

[32] *See* Pl.s' Compl., ¶ 22; Jean-Pierre Decl., ¶¶ 22-24; Metelus Decl., ¶¶ 23-25; Cajuste Decl., ¶¶ 23-25; Leveille Decl., ¶¶ 22-24; Morinvil Decl., ¶¶ 23-25 ; Frederique Decl., ¶¶  22-24.

[33] *See* Pl.s' Compl., ¶ 22; Jean-Pierre Decl., ¶¶ 22-24; Metelus Decl., ¶¶ 23-25; Cajuste Decl., ¶¶ 23-25; Leveille Decl., ¶¶ 22-24; Morinvil Decl., ¶¶ 23-25; Frederique Decl., ¶¶ 22-24.

[34] *See* Jean-Pierre Decl., ¶ 24; Metelus Decl., ¶ 25; Cajuste Decl., ¶ 25; Leveille Decl., ¶ 24; Morinvil Decl., ¶ 25; Frederique Decl., ¶ 24.

Technicians' pay – undercompensated as it already is – is also not given unconditionally, free and clear of unlawful kickbacks to J&L.[35] J&L requires Technicians to incur countless expenses for J&L's benefit.[36] Technicians are required to purchase their own tools and equipment, such as a wireless drill, drill bits, pliers, screwdrivers, staple guns, nails, splitters, traffic cone, safety vest, wrench, crimper, safety glasses, many types of cable, gasoline for trucks, cable caddy, ladder belt, boots and pants.[37]   Because J&L does not provide proper tools and equipment, Technicians are required to sign a "J&L Loan Agreement," which provides that J&L will loan Technicians the funds needed in order to finance the purchase of these tools.[38]

## III.   ARGUMENT

### A.   Legal Standard for Conditional Certification Under the FLSA

The FLSA is a remedial statute that permits employees to bring a collective action on behalf of themselves and other employees similarly situated. 29 U.S.C. § 216(b); *Tennessee Coal Iron & R. Co., v. Muscoda Local No. 123*, 321 U.S. 590, 597-98 (1944); *see also O'Brien v. Lifestyle Transp., Inc.*, 956 F. Supp. 2d 300, 304 (D. Mass. 2013). The FLSA's purpose is to "eliminate" unfair labor practices.  29 U.S.C. § 202(a)(b). It prohibits "customs and contracts which allow an employer to claim all of an employee's time while compensating him for only a part of it" and provides employees a private right of action to recover their unpaid wages. *Tennessee Coal Iron & R. Co.*, 321 U.S. at 602.

---

[35] See 29 C.F.R. § 531.35 (wages must be paid "free and clear" of any kickbacks, which include employees' purchase of tools as required by the employer to perform the employer's work).

[36] *See* Jean-Pierre Decl., ¶ 25; Metelus Decl., ¶ 26; Cajuste Decl., ¶ 26; Leveille Decl., ¶ 25; Morinvil Decl., ¶ 26; Frederique Decl., ¶ 25.

[37] *See* Pl.s' Compl., ¶ 41; Jean-Pierre Decl., ¶ 25; Metelus Decl., ¶ 26; Cajuste Decl., ¶ 26; Leveille Decl., ¶ 25; Morinvil Decl., ¶ 26; Frederique Decl., ¶ 25.

[38] *See* Jean-Pierre Decl., ¶ 25; Metelus Decl., ¶ 26; Cajuste Decl., ¶ 26; Leveille Decl., ¶ 25; Morinvil Decl., ¶ 26; Frederique Decl., ¶ 25.

District courts have discretion to determine whether to certify a Section 216(b) collective action.  The majority of courts in this District, the First Circuit, as well as other circuits, employ the now well-established, two-tiered approach to certification. *See Trezvant v. Fid. Emp'r. Servs. Corp.*, 434 F. Supp. 2d at 43 (listing cases); *Roberts,* 2017 WL 1217114, at *2 (same). The first stage – the one we are in now – is the conditional certification stage, where the court conditionally certifies the collective, making a preliminary determination that plaintiffs are similarly situated and "authoriz[ing] notice to a potential class of the opportunity to opt into the suit." *See, e.g., Gonpo v. Sonam's Stonewalls & Art LLC,* 2018 WL 1725695 at *3-4 (D. Mass. April 9, 2018); *Lichy v. Centerline Commc'ns LLC*, No. 15-CV-13339-ADB, 2018 WL 1524534, at *2 (D. Mass. Mar. 28, 2018).  The standard at the first stage is "fairly lenient" and "typically results in conditional certification of the representative class." *Cunha v. Avis Budget Car Rental, LLC,* 221 F. Supp. 3d at 182 (D. Mass 2016) (quoting *Trezvant,* 434 F.Supp.2d at 43); *Toerrezani v. VIP Auto Detailing, Inc.,* 318 F.R.D. 548, 557 (D. Mass. 2017) (citations omitted).  At the second stage, occuring once discovery is complete, a defendant may file a motion to "decertify" the collective action and the court implements a more rigorous analysis to make a final determination as to the propriety and scope of the class. *Id.*

### B.     This Case Should Be Conditionally Certified Because The Proposed Collective Is Similarly Situated

This case is at the "lenient" first stage of conditional proceedings. "At this stage, courts do not need to make any findings of fact with respect to contradictory evidence presented by the parties or make any credibility determinations with respect to the evidence presented." *Trezvant*, 434 F. Supp. 2d at 43; *see also Lichy*, 2018 WL 1524534, at *3 ("courts routinely hold that consideration of the merits of the underlying case is not appropriate on a motion for conditional certification."). Indeed, the Court's determination of whether to conditionally certify the Collective

is based on the pleadings and affidavits. *See Litz v. Saint Consulting Group, Inc.,* No. CIV.A. 11-10693-GAO, 2012 WL 549057, at *2 (D. Mass. Feb. 17, 2012); *Poreda v. Boise Cascade, L.L.C.*, 532 F. Supp. 2d 234, 239 (D. Mass. 2008) ("Usually, the initial stage determination is based only on the pleadings and any affidavits which have been submitted.") (internal quotations and citations omitted); *see also Gonpo*, 2018 WL 1725695, at *6 (finding lenient standard met based on declarations from the original plaintiff and three opt-in plaintiffs).[39]

In order to obtain conditional certification, Plaintiffs need only make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Gonpo*, 2018 WL 1725695, at *6 (internal quotations and citation omitted); *Thiessen v. Gen. Elec. Capital,* 267 F.3d 1095, 1102 (10th Cir. 2001) (same). Plaintiffs need only show that their claims are similar, not identical to other putative class members. *Gonpo*, 2018 WL 1725695, at *6 ("Plaintiff need only put forth some evidence that the legal claims and factual characteristics of the class in this case are similar.") (internal quotations and citations omitted).

Plaintiffs' substantial allegations and the evidence before the Court plainly satisfy the standard for the first stage of conditional certification.  All Technicians: (1) are subject to the same

---

[39] *See, e.g., Gonpo,* 2018 WL 1725695, at *4-6 (rejecting magistrate judge's recommendation and conditionally certifying a group of stonemasons asserting FLSA claims based upon allegations of uncompensated work); *Norceide v. Cambridge Health All.,* 814 F. Supp.2d 17, 29 (D. Mass. 2014) (conditionally certifying group of hospital workers, asserting FLSA claims based upon allegations of uncompensated pre- and post-shift work, as well as allegations that they performed work during uncompensated meal periods); *Lichy*, 2018 WL 1524534, at *1 (granting plaintiff's motion for conditional collective action certification); *Cunha* 221 F. Supp. 3d 178, 182 (same); *Davine v. Golub Corp.*, No. CIV.A. 14-30136-MGM, 2015 WL 1387922, at *3 (D. Mass. Mar. 25, 2015) (same); *Litz*, 2012 WL 549057, at *2 (same); *Poreda*, 532 F. Supp. 2d 234, 241 (same); *Trezvant*, 434 F. Supp. 2d at 40, 51 (same).

compensation and overtime policies and (2) have the same job duties, responsibilities, work hours, and compensation.

**1.      J&L's Pay Policies Impact Collective Members in the Same Manner**

J&L systematically violated, and continues to violate, the FLSA. Sections 206 and 207 of the FLSA require that employers pay non-exempt, hourly employees overtime of at least one and one-half times the regular rate of pay for hours worked in excess of forty per week.  29 U.S.C. §§ 206, 207(a)(1). The calculation of hours worked is not limited to hours "clocked-in" and may include pre-shift and post-shift work. *Mejias v. Banco Popular de Puerto Rico*, 86 F. Supp. 3d 84, 86 (D.P.R. 2015). "Working time" also includes meal or rest periods, when an employee does not actually take a break but instead continues to work. 29 C.F.R. §§ 785.18, 785.19(a).  Employers are also required to create and maintain accurate records of all hours worked by employees.  29 U.S.C. §§ 211(c), 215(a)(5); 29 C.F.R. § 516.2(a)(7).

Before the beginning of their shifts, J&L requires Technicians to work off-the-clock.  *See supra,* Section II, B.  Whether by virtue of a Technicians' acquiescence to J&L's pressure or J&L's unilateral altering of time sheets, Technicians work thirty minutes, off-the-clock, during periods that are falsely designated as a meal period.  *Id.*

J&L's conduct in requiring Technicians to work off-the-clock reduces the total hours factored into J&L's compensation formula, which necessarily reduces Technicians' total compensation, overtime compensation, as well as the total number of hours compensated at the required, bona fide, overtime rate. This uniformly violates the FLSA. *See* 29 U.S.C. § 207 (a), (g).

Additionally, because J&L eliminates, reduces, or pressures Technicians to omit piece-rate codes for completed work activities, Technicians' total compensation and overtime compensation is necessarily reduced, and Technicians are not compensated at the bona fide regular rate, nor are

they compensated at the bona fide overtime rate.  This, too, uniformly violates the FLSA. *See* 29 U.S.C. § 207(a), (g).

Moreover, because J&L requires Technicians to regularly incur a multitude of expenses for J&L's sole benefit, *see supra,* Section II, C, the regular and overtime compensation provided to Technicians is not paid unconditionally, free, and clear of deductions and/or kickbacks. This also uniformly violates the FLSA.  *See* 29 U.S.C. § 206; 29 C.F.R. § 531.35 (wages must be paid "free and clear" of any kickbacks, which include employees' purchase of tools as required by the employer to perform the employer's work).  Finally, for all the reasons discussed above, J&L does not keep required, accurate records of all hours and piece-rates worked by Plaintiffs and the Collective.  This uniformly violates the FLSA. *See* 29 U.S.C. § 211(c).

### 2.    Plaintiff's Claims Are Similar to those of the Collective because Collective Members Have Similar Job Duties, Responsibilities, Work Hours, and Compensation

Plaintiffs and Technicians have similar job responsibilities across the United States. All J&L Technicians are classified by J&L as non-exempt employees, who are therefore entitled to overtime compensation.[40] All J&L Technicians perform various services related to the installation and repair of wireless services for J&L's clients.[41] The services uniformly include installing cable, internet and phone; troubleshooting; running new telephone lines; running coax cables for new outlets; installing ground cable; educating customers on equipment; providing customer service;

---

[40] *See* Jean-Pierre Decl., ¶¶ 3, 5; Metelus Decl., ¶¶ 3, 6; Cajuste Decl., ¶¶ 3,6; Leveille Decl., ¶¶ 3,5; Morinvil Decl., ¶¶ 3, 6; Frederique Decl., ¶¶ 3, 6.
[41] *See* Jean-Pierre Decl., ¶ 7; Metelus Decl., ¶8; Cajuste Decl., ¶ 8; Leveille Decl., ¶ 7; Morinvil Decl., ¶ 8; Frederique Decl., ¶ 8.

and replacing and installing drops.[42] All declarants testify that they regularly work in excess of forty hours a week and are subject to a substantially similar piece-rate compensation policy.[43]

### 3.    Similar Cases Have Been Certified

Substantially similar cases involving FLSA claims on behalf of cable installers and piece-rate workers have been certified, both within the First Circuit and nationally. For example, in *Sigui v. M&M Commc'ns, Inc.*, the District of Rhode Island conditionally certified a class of cable installation technicians who alleged, among other things, that defendants' task-based compensation system did not pay the overtime required by the FLSA. No. CV 14-442 (D.R.I. April 4, 2017) Order, attached as Exhibit G to the Savett Decl.  *See also Benoit v. Tri-Wire Eng'g Sols., Inc.,* No. CV 07-30237 (D. Mass. June 4, 2008) Order and Notice (ECF 30), attached as Exhibit H to the Savett Decl. (conditionally certifying collective action where technicians installed and activated telephone, data, and broadbanding equipment, were paid piece-rate (by the job) and alleged they were not paid overtime wages);[44] *Perez v. Shucks Maine Lobster LLC*, No. 2:15-CV-00348-JAW, 2016 WL 6304674, at *11 (D. Me. Oct. 27, 2016) (conditionally certifying a collective of employees, based on plaintiff's personal observations and her conversations with coworkers, who were paid on a piece-rate basis for picking lobsters, who alleged they were not paid overtime wages).[45]  Similarly, in *Soto v. O.C. Communications*, the Northern District of

---

[42] *Id.*

[43] *See* Jean-Pierre Decl., ¶¶ 18, 21; Metelus Decl., ¶¶ 19, 22; Cajuste Decl., ¶¶ 19, 22; Leveille Decl., ¶¶ 18, 21; Morinvil Decl., ¶¶ 19, 22; Frederique Decl., ¶¶ 18, 21.

[44] *See also Benoit*, No. CV 07-30237 (June 10-11, 2008) Electronic Order to approve Notice and Notice (ECF 30) (describing certified class), attached as Exhibit H to the Savett Decl.

[45] *See also Monroe v. FTS USA, LLC*, 860 F.3d 389 (6th Cir. 2017) (affirming conditional certification of cable technicians who were forced to underreport their hours); *Beasley v. Custom Commc'ns, Inc.*, No. 5:15-CV-583-F, 2016 WL 5468255, at *5 (E.D.N.C. Sept. 28, 2016) (conditionally certifying cable installer technicians who were paid on a piece-rate compensation scheme); *Williams v. Grayco Cable Servs., Inc.*, 187 F. Supp. 3d 760, 768 (S.D. Tex. 2016) (same);

California conditionally certified a nationwide class of cable installation technicians who alleged, among other things, that the defendant did not compensate technicians for pre- and post-shift work, and undercompensated technicians by misclassifying performed tasks.  No. 17-cv-00251 (N.D. Cal. Aug. 31, 2017) Order (ECF 127), attached as Exhibit I to the Savett Decl.

### C.    Notice is Appropriate and Necessary to Protect Collective Members' Rights

District courts have broad discretion to allow a party asserting FLSA claims on behalf of others to notify potential "similarly situated" plaintiffs that they may choose to "opt-in" to the suit. *Hoffman-La Roche, Inc., v. Sperling*, 493 U.S. 165, 169 (1989). Section 216(b) requires a person to affirmatively "opt-in" to an FLSA action by filing a consent form. It also authorizes a court to issue notice to "similarly situated" employees informing them of the case and their right to opt-in. *Gonpo,* 2018 WL 1725695, at *3. Court-authorized notice protects against "misleading communications" by the parties, resolves the parties' disputes regarding the content of any notice, prevents the proliferation of multiple individual cases, assures that joinder of additional parties is accomplished properly and efficiently, and expedites resolution of the dispute. *Hoffman-La Roche, Inc.*, 493 U.S. at 171-72.

Plaintiffs' proposal for Court-approved notice to the proposed Collective members is timely, accurate, and informative – as required. *Hoffman-La Roche Inc.*, 493 U.S. at 172.  The Proposed Notice of Collective Action Lawsuit and Proposed Opt-in Consent Form (which are attached as **Exhibits J and K**, respectively, to Savett Decl.) provide notice of the pendency of the

---

*Taylor v. Bear Commc'ns, LLC*, No. 4:12–CV–01261–BCW, 2013 WL 3270971, at *3 (W.D. Mo. June 27, 2013) (granting conditional certification of cable installer technicians); *Jason v. Falcon Data Com, Inc.*, No. 09-cv-03990 (JG)(ALC), 2011 WL 2837488, at *7 (E.D.N.Y. July 18, 2011) (granting nationwide conditional certification of cable installer technicians); *Joiner v. Groupware Int'l, Inc.*, No. 8:09–cv–1943–T–26MAP, 2010 WL 2136533, at *2 (M.D. Fla. May 27, 2010) (granting conditional certification of piece-rate cable installer technicians).

action and opportunity to opt-in. Plaintiffs' legal claims are accurately described, and proposed Collective members are advised that J&L is defending the claims.[46] The Notice also clearly states that they are not required to participate in this action. The Notice provides clear instructions on how to opt-in, accurately states the prohibition against retaliation for participation in a FLSA action, and informs proposed Collective members that this Court has not made any determination regarding the merits of Plaintiffs' claims. Thus, Plaintiffs request that the Court approve the Proposed Notice and Opt-In Consent Form submitted herewith for distribution to proposed Collective members.

Early distribution of the Notice is essential. The declarations submitted herewith contain ample evidence that proposed Collective members are "similarly situated" and that J&L has violated the FLSA. Given this evidence, Notice to proposed Collective members should be expedited, as delay threatens to destroy their ability to seek compensation for numerous hours of work for which they were not paid. In order to facilitate notice, Plaintiffs request that the Court require J&L to produce to Plaintiffs' counsel, within fourteen (14) days of the Court's order granting Plaintiffs' Section 216(b) Motion, a computer-readable database that includes the names of all proposed Collective members, along with their last known mailing addresses, email addresses, telephone numbers, social security numbers and dates of employment. Based on this contact information, a third-party notice administrator will mail, email and text the Court-approved Notice of Collective Action Lawsuit and Opt-In Consent Form to proposed Collective members.

Further, Plaintiffs request that proposed Collective members be required to return their signed Opt-In Consent Forms to the notice administrator within ninety (90) days (received or

---

[46] Plaintiffs have also provided a proposed short form Notice to be sent via text message. *See* Exhibit L, attached to the Savett Decl.

postmarked, or completed via an electronic signature service) after the date on which the Notice and Consent Forms are mailed. Plaintiffs' counsel will file the Consent Forms with the Court on an ongoing basis and no later than two weeks after the end of this 90-day notice period.

In addition, Plaintiffs request that J&L be required to post a copy of the Notice in appropriate, conspicuous, visible and accessible places at each of its offices or other locations in which Collective Members currently work during the 90-day notice period. "Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011); *see also Thompson v. Peak Energy Servs. USA, Inc.*, No. 13-0266, 2013 WL 5511319, at *3 (W.D. Pa. Oct. 4, 2013).

Courts routinely approve similar notice plans to that requested here.[47] Plaintiffs' proposed notice plan should be approved.

---

[47] *See, e.g.*, *Fenley v. Wood Grp. Mustang, Inc.*, 170 F. Supp. 3d 1063, 1076 (S. D. Ohio 2016) (authorizing 90 day mail and email notice program); *Woods v. Vector Mktg. Corp.*, No. 14-cv-0264 EMC, 2015 WL 1198593, at *5 (N.D. Cal. Mar. 16, 2015) (authorizing use of an official case website; online opt-in form submission; email notice; publication on Facebook; and an email or postcard reminder notice); *Kesley v. Entm't U.S.A. Inc.*, 67 F. Supp. 3d 1061 (D. Ariz. 2014) (authorizing use of an electronic signature service, and reminder notice); *Petty v. Russell Cellular, Inc.*, No. 2:13-cv-1110, 2014 WL 1308692, at *6 (S.D. Ohio Mar. 28 2014) (authorizing mail and email notice); *Prejean v. O'Brien's Response Mgmt., Inc.*, No. 12-cv-1045, 2013 WL 5960674, at *10 (E.D. La. Nov. 6, 2013) ( holding that "notice by both e-mail and first-class mail is both routine and reasonably calculated to accomplish the broad remedial goals of the notice provision of the FLSA."); *Phelps v. MC Comm'cs, Inc.*, No. 2:11-cv-42, 2011 WL 3298414, at *6 (D. Nev. Aug. 1, 2011) ("Email is an efficient, reasonable, and low-cost supplemental form of notice, particularly where Defendants may lack current physical mailing address information for its former employees."); Calvillo v. Bull Rogers, Inc., --- F. Supp. 3d ---, 2017 WL 3172843, at *6 (D.N.M. July 25, 2017) ("Courts have recognized that notice by email and text is reasonable in today's mobile society and that these methods of communication may offer a more reliable means of reaching an individual even if that individual is away from home or has moved."); *Irvine v. Destination Wild Dunes Management, Inc.,* 132 F. Supp. 3d 707 (D.S.C. Sept. 14, 2015) ("The request that notice be distributed via direct mail, email and text messaging appears eminently reasonable to the Court.").

**IV.**   **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court conditionally certify the Collective class under Section 216(b), and authorize notice to allow potential Plaintiffs to opt-in to preserve their rights.

Dated: December 6, 2018                                Respectfully submitted,

*/s/ Shoshana Savett*
Sarah R. Schalman-Bergen
Shoshana Savett
BERGER MONTAGUE PC
1818 Market Street
Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile:  (215) 875-4604
sschalman-bergen@bm.net
stsavett@bm.net

Matthew W. Thomson, BBO #682745
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile:  (617) 994-5801
mthomson@llrlaw.com

Carolyn H. Cottrell
Ori Edelstein
Michelle S. Lim
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS, LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
Facsimile:  (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
mlim@schneiderwallace.com

Attorneys for Plaintiffs, the Collective and
Putative Class

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing was filed electronically on December 6, 2018 using the CM/ECF filing system which I understand will send a notice of electronic filing to all parties of record through the Court's system.

*/s/ Shoshana Savett*
Shoshana Savett