IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Robenson Jean-Pierre and Jean Metelus, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>J&L Cable TV Services, Inc.,<br><br>      Defendant. | Civil Action No.: 1:18-cv-11499 |

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF
PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION
AND TO FACILITATE NOTICE UNDER 29 U.S.C. § 216(b)**

Pursuant to this Court's request at oral argument held on September 10, 2019, and Docket No. 55, Plaintiffs respectfully submit this supplemental brief and accompanying declarations of technicians regarding their work in the Northeast Region in further support of Plaintiffs' request for the conditional certification and facilitation of notice to Technicians throughout the United States. *See* Exhibits A-D to the Declaration of Shoshana Savett; *see also* Pl. Motion, Dkt. 27; Reply at Dkt. 50.

The supplemental declarations, described below, underscore the fact that all technicians – whether they are located in the Northeast or in Florida – are similarly situated and subject to a common policy and practice that denied them wages owed under the FLSA, such that first-stage conditional certification and the authorization of notice is appropriately granted.[1] The supplemental declarations, combined with the prior declarations and substantial allegations in the

---

[1] Plaintiffs submit three declarations from declarants who previously submitted declarations to clarify that the practices they discussed similarly occurred at all locations. *See* Exs. A-C. Plaintiffs further submit a declaration from Opt-In Plaintiff Charles Pompilus, who worked in Pennsylvania. Ex. D.

complaint, plainly satisfy the modest burden required for the first stage of conditional certification at all of J&L Cable's places of employment, including both Florida and the Northeast Region.[2]

First, the supplemental declarations show that all J&L technicians have similar job responsibilities across the United States. No matter their location, the technicians perform uniform services related to the installation and repair of wireless services for J&L's clients,[3] regularly work in excess of forty hours a week,[4] and are subject to a substantially similar compensation policy.[5]

Second, all technicians are also subject to similarly unlawful policies and practices, which denied technicians in both Florida and the Northeast Region the overtime compensation required to be paid under the FLSA. As described in detail in the supplemental declarations, Technicians are instructed by their supervisors in the Northeast Region – as they are instructed by their supervisors in Florida – to underreport their hours.[6] Technicians are consistently required to work off-the-clock, both before the beginning of their shift, after their shift, and while driving.[7] Technicians are also forced to work off-the clock – in the Northeast Region and

---

[2] Indeed, this Court noted during oral arguments on September 10, 2019, its "inclination to allow the motion for conditional certification." And to do so for all states, if Plaintiffs could provide the Court "a little more concrete evidence about the [] states [outside of Florida.]" 9/10/19 Tr. at 21. Defense counsel also conceded during oral arguments that declarations, such as those provided in this case, would "present a stronger argument for a broader class." 9/10/19 Tr. at 17-18.

[3] Declaration of Jean Frederique ("Frederique Decl.") ¶ 7; Declaration of Markenson Morinvil ("Morinvil Decl.") ¶ 7; Declaration of Esty Cajuste ("Cajuste Decl.") ¶ 7; Declaration of Charles Pompilus ("Pompilus Decl.") ¶ 5.

[4] *See* Frederique Decl. ¶ 16; Morinvil Decl. ¶ 16; Pompilus Decl. ¶ 14; Cajuste Decl. ¶ 16,

[5] *See* Frederique Decl. ¶¶ 19-20; Morinvil Decl. ¶¶ 19-20; Cajuste Decl. ¶¶ 19-20; Pompilus Decl. ¶¶ 17-18.

[6] *See* Frederique Decl. ¶ 22; Morinvil Decl. ¶ 22; Cajuste Decl. ¶ 22; Pompilus Decl. ¶ 20.

[7] *See* Frederique Decl. ¶¶ 9, 13, 22; Morinvil Decl. ¶¶ 9, 13, 22; Cajuste Decl. ¶¶ 9, 13, 22; Pompilus Decl. ¶¶ 11, 20.

Florida – during periods designated as a meal period.[8]  These unlawful policies and practices impact all technicians in all states in a similar manner, violating the FLSA as they reduce the total hours factored into J&L's compensation formula, which reduces total overtime compensation, as well as the total number of hours compensated at the required overtime rate.

J&L also unlawfully eliminates, reduces, and pressures technicians to omit piece-rate work for completed work activities in violation of the FLSA in both Florida and the Northeast Region.[9]  This again reduces the technicians' compensation – no matter the location – based on J&L's pay policy, resulting in another uniform violation of the FLSA.

Finally, technicians' pay in the Northeast Region, as in Florida, is not given unconditionally, free and clear of unlawful kickbacks to J&L.  J&L requires the technicians to incur countless expenses for J&L's benefit.[10]

Based on the foregoing, Plaintiffs have met – and exceeded – their lenient burden of showing that technicians working for J&L in all locations are similarly situated, with respect to J&L's common policy and practice of denying wages due and owing to them under the FLSA.  Therefore, and incorporating their prior briefing and oral argument, Plaintiffs respectfully request the Court grant the Plaintiffs' motion, conditionally certify the Collective class, which includes all technicians in the United States, under Section 216(b), and authorize notice to allow potential Plaintiffs to opt-in to preserve their rights and toll the statute of limitations on their claims.

---

[8]*See* Frederique Decl. ¶¶ 17-18; Morinvil Decl. ¶¶ 17-18; Cajuste Decl. ¶¶ 17-18; Pompilus Decl. ¶¶ 15-16.
[9]*See* Frederique Decl. ¶ 21; Morinvil Decl. ¶ 21; Cajuste Decl. ¶ 21; Pompilus Decl. ¶ 19.
[10]*See* Frederique Decl. ¶ 24; Morinvil Decl. ¶ 24; Cajuste Decl. ¶ 24; Pompilus Decl. ¶ 22.

Dated: September 24, 2019

Respectfully submitted,

*/s/ Shoshana Savett*
Sarah R. Schalman-Bergen
Shoshana Savett
BERGER MONTAGUE PC
1818 Market Street
Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile:  (215) 875-4604
sschalman-bergen@bm.net
stsavett@bm.net

Matthew W. Thomson, BBO #682745
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile:  (617) 994-5801
mthomson@llrlaw.com

Carolyn H. Cottrell
Ori Edelstein
Michelle S. Lim
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS, LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
Facsimile:  (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
mlim@schneiderwallace.com

Attorneys for Plaintiffs, the Collective and Potential Class

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed electronically on September 24, 2019 using the CM/ECF filing system which I understand will send a notice of electronic filing to all parties of record through the Court's system.

                                                    /s/ Shoshana Savett
                                                    Shoshana Savett