UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBENSON JEAN-PIERRE, JEAN METELUS, BILL MCKEE, and MICHAEL GARY FAUNTLEROY, on behalf of themselves and others similarly situated, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | C.A. No. 1:18-cv-11499 |
| J&L CABLE TV SERVICES, INC., Defendant. | ) ) ) ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                                    May 10, 2021

Plaintiffs have brought a putative class and collective action against their former employer, defendant J&L Cable TX Services, Inc., alleging violations of the Fair Labor Standards Act ("FLSA") and related Massachusetts, Maine, New Hampshire, and Pennsylvania wage and hours laws. See Amended Complaint (Dkt No. 91).

On October 14, 2020, plaintiffs filed a Motion for Preliminary Approval of Class and Collective Action Settlement (Docket No. 120) (the "Motion"). The court held a hearing on the Motion on February 3, 2021. Following this hearing, the court ordered plaintiffs to make supplemental filings in support of their Motion. See February 4, 2021 Order (Dkt. No. 126). They have done so. See Dkt. No. 131 (the "Supplemental Memorandum").

After considering plaintiffs' supplemental filings, and for the reasons discussed at the February 3, 2021 hearing and explained further below, the Motion is being allowed.

As a threshold matter, the court has questioned whether it could properly exercise jurisdiction over plaintiffs' state law claims in addition to their FLSA claims.  A district court has supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  28 U.S.C. §1367(a).  The court may nevertheless decline to exercise supplemental jurisdiction over a related state law claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c).  This question is left to the discretion of the trial court.  See Grispino v. New England Mut. Life Ins. Co., 358 F.3d 16, 19 (1st Cir. 2004); see also McLaughlin v. Liberty Mut. Ins. Co., 224 F.R.D. 304, 313 (D. Mass. 2004). +

The court now concludes that it may and should exercise supplemental jurisdiction over plaintiffs' state law claims.  In Pueblo Int'l, Inc. v. De Cardona, 725 F.2d 823, 826 (1st Cir.

1984), the First Circuit held that a district court could exercise supplemental jurisdiction over state law civil rights claims in a suit alleging violations of federal law and the United States Constitution. <u>Pueblo Int'l, Inc. v. De Cardona</u>, 725 F.2d 823, 826 (1st Cir. 1984). The First Circuit found that the state and federal claims arose from the same case or controversy because the state law claims "allege[d] violations of provisions very similar to those contained in the federal Constitution and in federal statutes," and "[t]he facts necessary to prove a violation of the one [were] practically the same as those needed to prove a violation of the other." <u>See</u> <u>id.</u>

Here, plaintiffs' state and federal law claims similarly overlap and can be considered a single case or controversy. The class and collective members were all employed by defendant as technicians over a similar period of time. <u>See</u> Amended Complaint at ¶¶51, 58, 68, 78, 88 (defining state law classes and FLSA Collective). Their state law and FLSA claims are based on the same alleged practices of defendant having technicians work off-the-clock, reducing their hours reportedly worked, and failing to pay overtime. <u>See</u>, <u>e.g.</u>, Amended Complaint at ¶42.

In analogous FLSA cases courts have concluded that a district court may exercise supplemental jurisdiction over state law wage and hour claims. <u>See</u>, <u>e.g.</u>, <u>Lindsay v. Gov't Employees Ins. Co.</u>, 448 F.3d 416, 424 (D.C. Cir. 2006) (because "members of both [the

3

FLSA and State Law] classes performed the same type of work for the same employer and were deprived of overtime compensation as a result of the same action taken by their employer," their state and federal law claims "derive from a common nucleus of operative fact and thus form part of the same Article III case or controversy"; Humphrey v. Rav Investigative & Sec. Servs. Ltd., 169 F. Supp. 3d 489, 503 (S.D.N.Y. 2016) (accord).   Consistent with these cases, the court concludes that it may exercise supplemental jurisdiction over the state law claims in this case.

It is also appropriate for the court to exercise supplemental jurisdiction over the state law claims.  This is not a case where the state law claims raise novel or complex issues of state law, or where the court has dismissed all claims over which it had original jurisdiction.  Cf. 28 U.S.C. §1367(c)(1)(3).

Nor do the state law claims predominate over the FLSA claims. See U.S.C. §1367(c)(1)(3).   When assessing predominance in the context of FLSA claims, courts have "focused on the size of the state law class action as compared with the FLSA collective action, the different terms of proof required by the state law class actions, and whether the FLSA collective action is an appendage to the more comprehensive state action."  In re Am. Family Mut. Ins. Co. Overtime Pay Litig., 638 F. Supp. 2d 1290, 1299 (D. Colo. 2009) (citing De Asencio v. Tyson Foods, Inc., 342 F.3d 301, 312 (3d Cir. 2003), as amended (Nov. 14, 2003)).  In this case, there are

4

approximately 475 anticipated state law class members and 218 total FLSA collective opt-ins. Compare De Asencio, 34 F.3d at 312 (4,100 state law class members compared to 447 FLSA collective members "may constitute substantial predomination"), with Ervin v. OS Rest. Servs., Inc., 632 F.3d 971, 981 (7th Cir. 2011) (state law claims did not predominate in case with "30 participants in the FLSA collective action and potentially 180 to 250 people who might participate in any of the three Rule 23 classes"). Because "the state law claims essentially replicate the FLSA claims," the terms of proof are very similar. Lindsay, 448 F.3d at 424. In addition, the FLSA action was filed at the outset of this case rather than added to a more comprehensive state action. Accordingly, the state law claims do not predominate.

For these reasons, it is permissible and appropriate for the court to exercise supplemental jurisdiction over plaintiffs' state law claims.

Before the court can preliminarily approve the proposed settlement, it first must also "determine whether to certify the class for settlement purposes." Hochstadt v. Bos. Sci. Corp., 708 F. Supp. 2d 95, 101 (D. Mass. 2010). See also Fed. R. Civ. P. 23(e)(1). "When a settlement class is proposed, it is incumbent on the district court to give heightened scrutiny to the requirements of Rule 23 in order to protect absent class members." In re Lupron Mktg. & Sales Practices Litig., 228 F.R.D. 75, 88 (D.

Mass. 2005) (citing Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620, (1997)). "To obtain class certification, the plaintiff must establish the Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy of representation and demonstrate that the action may be maintained under Rule 23(b)(1), (2), or (3)." Hochstadt, 708 F. Supp. 2d at 102 (citing Smilow v. Sw. Bell Mobile Sys., Inc., 323 F.3d 32, 38 (1st Cir. 2003)). "This cautionary approach notwithstanding, the law favors class action settlements." In re Lupron, 228 F.R.D. at 88.

For the reasons discussed at the February 3, 2021 hearing, the court concludes for the purposes of preliminary approval that plaintiffs have satisfied the requirements of numerosity, commonality, and typicality, and that the action may properly be maintained under Rule 23(b)(3) of the Federal Rules of Civil Procedure. After considering plaintiffs' Supplemental Memorandum and supporting documents, the court also concludes that the named plaintiffs are adequate class representatives for the purposes of preliminary approval of the proposed settlement.

To be adequate, a class representative must, at minimum, have: (1) "the ability and incentive to represents the interests of the class vigorously," (2)"obtained adequate counsel," and (3) no "conflict between [his or her] claims and those asserted on behalf of the class." Ark. Teacher Ret. Sys. v. State St. Bank & Tr. Co., 404 F. Supp. 3d 486, 508 (D. Mass. 2018). Here, each named

6

plaintiff was actively involved in the prosecution of his claims and spent at least thirty hours working with counsel on this case. See Declarations of Robenson Jean-Pierre, Jean Metelus, Bill McKee, and Michael Gary Fauntleroy, Supplemental Memorandum, Ex. 1 (Dk. No. 131-1) at 77-98 of 134. They are all represented by counsel who have successfully acted as class counsel in prior wage and hour actions and who engaged in substantial production and review of discovery in this case. See Affidavits of Sarah Schalman Bergen and Carolyn Hunt Cottrell (Dkt Nos. 121-2, 121-3). Named plaintiffs' interests and those of the class also appear to be aligned.

Because the requirements of Rule 23 of the Federal Rules of Civil Procedure appear to have been met, the court concludes that it will likely certify the class of the purposes of judgment.

With respect to the proposed settlement itself, "[a] district court can approve a class action settlement only if it is fair, adequate and reasonable." City P'ship Co. v. Atl. Acquisition Ltd. P'ship, 100 F.3d 1041, 1043 (1st Cir. 1996). The factors the court must ultimately consider include whether:

> (A) the class representatives and class counsel have adequately represented the class;
> (B) the proposal was negotiated at arm's length;
> (C) the relief provided for the class is adequate, taking into account:
> > (i) the costs, risks, and delay of trial and appeal;

> (ii) the effectiveness of any proposed
> method of distributing relief to the
> class, including the method of processing
> class-member claims;
> (iii) the terms of any proposed award of
> attorney's fees, including timing of
> payment; and
> (iv) any agreement required to be
> identified under Rule 23(e)(3); and
> (D) the proposal treats class members
> equitably relative to each other.

See Fed. R. Civ. P. 23(e)(2). "If the parties negotiated at arm's length and conducted sufficient discovery, the district court must presume the settlement is reasonable." In re Pharm. Indus. Average Wholesale Price Litig., 588 F.3d 24, 32-33 (1st Cir. 2009).

The court concludes that it will likely approve the settlement under Rule 23(e)(2). Plaintiffs have negotiated a gross settlement award of $1,850,000. See Memorandum in Support of Motion for Preliminary Approval (Dkt No. 121) (the "Memorandum in Support") at 5. This award represents approximately 40% of defendant's projected total exposure if the class and collective were to prevail on their claims. See Supplemental Memorandum at 9-11. Plaintiffs' counsel will seek one-third of this gross settlement award, or $616,667.00, as attorneys' fees, but the court will have the discretion to award less. See Memorandum in Support at 26. The parties reached this settlement through mediation and arms-length negotiation after two years of difficult litigation, including discovery, and while facing the prospect of lengthy additional litigation if settlement had not been reached. See id.

at 13.   Under the proposed agreement, each class member will receive a minimum payment of $50.00 and will receive a pro rata portion of the settlement based on the weeks they worked for defendant and the value of their claims under the applicable state laws.   See id. at 6.   Considering the risk that the class might have received no recovery if this case proceeded to trial, the proposed settlement is likely to be found to be a fair, adequate, and reasonable resolution of this case.

In view of the foregoing, it is hereby ORDERED that:

1.   The parties' Settlement Agreement is preliminarily approved as fair, reasonable and adequate pursuant to Rule 23(e) of the Federal Rules of Civil Procedure;

2.   The court grants approval to the terms and conditions contained in the Settlement Agreement as a fair and reasonable resolution of a bona fide dispute under the Fair Labor Standards Act;

3.   For settlement purposes, the court certifies the following Settlement Collective as an FLSA collective actions pursuant to 29 U.S.C. § 216(b), pending final approval of the settlement:

> All current and former Technicians who were employed by J&L Cable TV Services, Inc. between July 18, 2015 and August 28, 2020 who have opted in to Robenson Jean-Pierre, Jean Metelus, Bill McKee, and Michael Gary Fauntleroy individually and on behalf of all similarly situated individuals v. J&L Cable TV Services, Inc., Civil Action No 1:18-cv-11499, currently pending in the

United States District Court for the District of Massachusetts ("Settlement Collective Members").

4.    For settlement purposes, the court preliminarily certifies each of the following Settlement Classes ("State Law Settlement Classes") as a class action pursuant to Rules 23(a) and b(3) of the Federal Rules of Civil Procedure, pending final approval of the settlement:

- *Massachusetts State Law Class*: All individuals who worked for J&L Cable TV Services, Inc. as a Technician in Massachusetts between July 18, 2015 and August 28, 2020;
- *New Hampshire State Law Class*: All individuals who worked for J&L Cable TV Services, Inc. as a Technician in New Hampshire between July 18, 2015 and August 28, 2015;
- *Maine State Law Class*: All individuals who worked for J&L Cable TV Services, Inc. as a Technician in Maine between July 18, 2012 and August 28, 2020;
- *Pennsylvania State Law Class*: All individuals who worked for J&L Cable TV Services, Inc. as a Technician in Pennsylvania between July 18, 2015 and August 28, 2020.

5.    Plaintiffs Robenson Jean-Pierre, Jean Metelus, Bill McKee, and Michael Gary Fauntleroy are preliminarily approved as Class Representatives of the respective State Law Settlement Classes and of the Collective;

6.    Berger Montague PC and Schneider Wallace Cottrell Konecky, LLP are preliminarily approved as Class Counsel for the Settlement Class and Collective;

7.    The Settlement Administrator, Angeion, is

preliminarily approved as Settlement Administrator.

8.    Greater   Boston   Legal   Services   is   preliminarily approved as the cy pres recipient of any monies remaining in the Settlement Fund;

9.    The court approves the Notice of Settlement, attached hereto as Exhibit 1,[1] and finds that the proposed method of disseminating the Settlement Notice meets the requirements of due process and is the best notice practicable under the circumstances, and authorizes dissemination of the Notice to members of the Settlement Class; and

10.    The following schedule and procedures for completing the final approval process as set forth in the parties' Settlement Agreement are hereby approved:

| | |
|---|---|
| Defendant to Provide Settlement Administrator and Class Counsel with Class Information | By May 24, 2021 |
| Notice Sent by Settlement Administrator | By May 31, 2021 |
| Plaintiffs' Motion for Approval of Attorneys' Fees and Costs | By July 16, 2021 |
| Deadline to Postmark Objections or Requests for Exclusion ("Notice Deadline") | By August 10, 2021 |
| Plaintiffs' Motion for Final Approval and Memorandum in Support | By August 17, 2021 |
| Final Approval Hearing by Videoconference | August 31, 2021 at 2:00 p.m. |

[1] Class Counsel shall insert the required dates and other information in the blanks of the attached Notice.

The court may alter these deadlines for good cause shown.


UNITED STATES DISTRICT JUDGE