**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Robenson Jean-Pierre, Jean Metelus, Bill McKee and Michael Gary Fauntleroy, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs<br><br>v.<br><br>J&L CABLE TV SERVICES, INC.,<br><br>    Defendant. | Docket No. 1:18-cv-11499-MLW |

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT**

Plaintiffs Robenson Jean-Pierre, Jean Metelus, Bill McKee, and Michael Gary Fauntleroy ("Plaintiffs") hereby respectfully move the Court for final approval of the Class and Collective Action Settlement Agreement (filed at Dkt. No. 121-1) pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) and 29 U.S.C. § 216(b). In particular, Plaintiffs move for an Order:

(1) Granting final approval of the Settlement as to the Massachusetts, Maine, New Hampshire, and Pennsylvania Classes ("State Law Classes" or "Classes"), pursuant to Fed. R. Civ. P. 23(e);

(2) Certifying the State Law Classes for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3);

(3) Confirming approval of the Settlement as to the Collective as a fair and reasonable resolution of a *bona fide* dispute, pursuant to 29 U.S.C. § 216(b);

(4) Finally appointing and approving Berger Montague PC, Schneider Wallace Cottrell Konecky LLP, and Lichten & Liss-Riordan, P.C. as Co-Lead Counsel for the Classes and Collective ("Class Counsel");

(5) Finally approving Class Counsel's request for attorneys' fees and costs;

(6) Finally appointing and approving Plaintiffs Jean-Pierre, Metelus, McKee, and Fauntleroy as Class Representatives for the respective State Law Classes and of the Collective;

(7) Finally approving Angeion as the Settlement Administrator for the State Law Classes and the Collective and its administration costs of $30,390, as compensation for administering the Settlement;

(8) Entering final judgment with the terms of the Settlement; and

(9) Finally approving the following implementation schedule:

| (10) Effective Date | The first business day after the Court's order granting Final Approval of the Settlement |
|---|---|
| Deadline for Angeion to calculate employer share of taxes and provide Defendants with total employer tax contributions | Within 5 business days after the final Settlement Award is approved |
| Deadline for Defendants to deposit the Gross Settlement Amount into the Qualified Settlement Fund | The first payment of $168,181.80 shall be paid no later than fifteen business days after the Court's Order preliminarily approving the Settlement. Subsequent payments shall be due in ten equal installments of $168,181.82 and shall be paid on the 1st calendar day of every month thereafter, although nothing in this Settlement Agreement shall preclude the Defendant from paying the entire amount earlier than scheduled herein |
| Deadline for Defendants to deposit the employer's share of payroll taxes into the Qualified Settlement Account | Within 5 business days of Angeion's deadline to calculate employer share of taxes and total employer tax contributions |
| Deadline for Angeion to make payments under the Settlement to Settlement Class and Collective Members, Class Representatives, Class counsel, and itself | The first business day after the later of the Court's Final Approval or the full funding of the Gross Settlement Amount into the Qualified Settlement Fund |
| Check-cashing deadline | 180 days after issuance |
| Deadline for Angeion to tender uncashed check funds to cy pres recipient Greater Boston Legal Services or redistribute such uncashed funds to Settlement Class and Collective Members who cashed their Settlement Award checks | As soon as practicable after check-cashing deadline |

| | |
|---|---|
| Deadline for Angeion to provide written certification of completion of administration of the Settlement to counsel for all Parties | As soon as practicable after redistribution of uncashed check funds to those Settlement Class and Collective Members who cashed their Individual Settlement Award checks, or transfer to the *cy pres* recipient |

Plaintiffs bring this Motion pursuant to Federal Rule of Civil Procedure 23(e) and long-established precedent requiring Court approval for Fair Labor Standards Act settlements.[1] The Motion is based on the following Memorandum of Points and Authorities, the Declaration of Ori Edelstein, the Declaration of Steve Platt, and all other records, pleadings, and papers on file in this action and such other evidence or argument as may be presented to the Court at the hearing on this Motion.

Plaintiff also submit a Proposed Order Granting Final Approval of Class and Collective Action Settlement and Judgment with this Motion.

Dated: August 17, 2021                          /s/ Ori Edelstein
                                                                      Carolyn H. Cottrell
Ori Edelstein
Michelle S. Lim
SCHNEIDER WALLACE
COTTRELL KONECKY, LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
mlim@schneiderwallace.com

Alexandra K. Piazza
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
apiazza@bm.net

---

[1] *See, e.g., Lynn's Food Stores, Inc. v. United States,* 679 F. 2d 1350, 1352-53 (11th Cir. 1982).

                Sarah R. Schalman-Bergen
                Matthew W. Thomson
                LICHTEN & LISS-RIORDAN, P.C.
                729 Boylston Street, Suite 2000
                Boston, MA 02116
                Telephone: (617) 994-5800
                Facsimile: (617) 994-5801
                ssb@llrlaw.com
                mthomson@llrlaw.com

*Attorneys for Plaintiffs, the Collective and Settlement Classes*

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on August 17, 2021, a copy of this document was served by electronic filing on all counsel of record.

                                        */s/ Ori Edelstein*
                                        Ori Edelstein