**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| ROBENSON JEAN-PIERRE, JEAN METELUS, BILL MCKEE and MICHAEL GARY FAUNTLEROY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>J&L CABLE TV SERVICES, INC.,<br><br>Defendant. | Docket No. 1:18-cv-11499-MLW |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR APPROVAL OF ATTORNEYS' FEES AND COSTS**

## **TABLE OF CONTENTS**

I.       INTRODUCTION ........................................................................................... 1

II.      OVERVIEW OF CLASS COUNSEL'S WORK ON THE ACTION .............................. 2

    A.       Case Initiation ............................................................................. 3

    B.       Conditional Certification ................................................................ 4

    C.       Initial Discovery........................................................................... 5

    D.       Mediation and Amendment of Complaint ......................................... 6

    E.       Continued Litigation ..................................................................... 7

    F.       Settlement ................................................................................... 8

    G.       Preliminary Approval..................................................................... 8

III.     ARGUMENT .............................................................................................. 10

    A.       District Courts in the First Circuit Routinely Approve One-Third Fee Awards... 10

    B.       The Result Achieved, and the Effort, Skill, and Risk Involved, Favor a One-Third Fee Award........................................................................... 11

        1.       The significant settlement fund benefits hundreds of workers. ................ 12

        2.       No Class Members have objected........................................... 13

        3.       The action was prosecuted by skilled, experienced, efficient counsel. .... 13

        4.       The action is complex and extended through several years of litigation, with significant risk of non-payment. ......................................... 14

        5.       Class Counsel have devoted thousands of hours to this case................... 15

        6.       Courts routinely award one-third fee awards in wage and hour class action settlements .................................................................... 15

        7.       Public policy supports the requested fee award........................................ 17

    C.       A Lodestar Cross-Check Confirms that a One-Third Fee Is Reasonable ............ 17

    D.       Class Counsel's Costs Should Be Approved ......................................... 18

IV.      CONCLUSION............................................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Ark. Teacher Ret. Sys. v. State St. Bank & Tr. Co.*, No. 11-10230-MLW, 2020 U.S. Dist. LEXIS 33552 (D. Mass. Feb. 27, 2020).................................................................................. 11, 12, 18

*Bacchi v. Mass. Mut. Life Ins. Co.*, No. 12-11280-DJC, 2017 U.S. Dist. LEXIS 184926 (D. Mass. Nov. 8, 2017) ................................................................................................................. 11, 19

*Bennett v. Roark Capital Grp., Inc.*, No. 2:09-cv-00421-GZS, 2011 U.S. Dist. LEXIS 48094 (D. Me. May 4, 2011)........................................................................................................................ 16

*Bettencourt v. Jeanne D'Arc Credit Union*, No. 17-cv-12548-NMG, 2020 U.S. Dist. LEXIS 106469 (D. Mass. June 17, 2020) ..................................................................................... 11

*Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768 (11th Cir. 1991) ............................................ 10

*Curtis v. Scholarship Storage Inc.*, No. 2:14-cv-303-NT, 2016 U.S. Dist. LEXIS 70410 (D. Me. May 31, 2016)................................................................................................................. 11, 15

*Harden Mfg. v. Pfizer, Inc (In re Neurontin Mktg. & Sales Practices Litig.)*, 58 F. Supp. 3d 167 (D. Mass. 2014)......................................................................................................................... 12

*Heien v. Archstone*, 837 F.3d 97 (1st Cir. 2016) ....................................................................... 10

*In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566 (7th Cir. 1992) .......................................................... 10

*In re Loestrin 24 Fe Antitrust Litig.*, No. MDL No. 2472, 2020 U.S. Dist. LEXIS 125746 (D.R.I. July 17, 2020)........................................................................................................................... 16

*In re Omnivision Techs.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2007)............................................... 19

*In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295 (1st Cir.1995)............................................................................................................................. 10

*Kondash v. Citizens Bank*, No. 18-cv-00288-WES-LDA, 2020 U.S. Dist. LEXIS 241588 (D.R.I. Dec. 23, 2020)........................................................................................................................... 16

*O'Connor v. Oakhurst Dairy*, No. 2:14-00192-NT, 2018 U.S. Dist. LEXIS 102244 (D. Me. June 19, 2018) .......................................................................................................................... 10, 15, 18

*Reiter v. Sonotone Corp.*, 442 U.S. 330 (1979) ......................................................................... 17

*Roberts v. TJX Cos.*, No. 13-cv-13142-ADB, 2016 U.S. Dist. LEXIS 136987 (D. Mass. Sep. 30, 2016) .................................................................................................................................... 11, 15

*Romero v. Producers Dairy Foods, Inc.*, No. 1:05cv0484 DLB, 2007 U.S. Dist. LEXIS 86270 (E.D. Cal. Nov. 13, 2007) ...................................................................................................... 16

*Scovil v. FedEx Ground Package Sys.*, No. 1:10-CV-515-DBH, 2014 U.S. Dist. LEXIS 33361 (D. Me. Mar. 14, 2014)............................................................................................................. 16

*Soto, et al. v. O.C. Communications, Inc., et al.*, Case No. 3:17-cv-00251-VC, ECF 304 (N.D. Cal. Oct. 23, 2019).................................................................................................................. 16

*Swedish Hosp. Corp. v. Shalala*, 303 U.S. App. D.C. 94, 1 F.3d 1261 (1993) ........................... 10

*Veilleux v. Maine*, No. 1:16-cv-571-LEW, 2020 U.S. Dist. LEXIS 210895 (D. Me. Nov. 9, 2020) .................................................................................................................... 19

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) ...................................... 18

*Zamora v. Lyft, Inc.*, No. 3:16-cv-02558-VC, 2018 U.S. Dist. LEXIS 166618, (N.D. Cal. Sep. 26, 2018) .................................................................................................................... 18

**Statutes and Rules**

29 U.S.C. § 216(b) ............................................................................................... 4, 18

29 U.S.C.A. § 207(i) ................................................................................................. 7

Mass. Ann. Laws ch. 149, § 150 ............................................................................ 18

Fed. R. Civ. P. 23 ............................................................................................... 1, 18

**Other Authority**

*Newberg on Class Actions* § 14.6 (4th ed. 2007) ...................................................... 16

## I.       INTRODUCTION

Plaintiffs Robenson Jean-Pierre, Jean Metelus, Bill McKee, and Michael Gary Fauntleroy ("Plaintiffs"), and their attorneys, Berger Montague PC ("BM"), Schneider Wallace Cottrell Konecky LLP ("SWCK"), and Lichten & Liss-Riordan, P.C. (together, "Class Counsel"), respectfully submit this application for an award of attorneys' fees and costs to compensate them for their extensive work over the past three years in achieving an excellent $1,850,000 collective and class action settlement on behalf of current and former cable technicians ("Technicians") for Defendant J&L Cable TV Services, Inc. ("Defendant" or "J&L"). The $616,667 fee that Class Counsel request – one third of the $1,850,000 Gross Settlement Amount – represents *less* than Class Counsel's current aggregate lodestar.

On May 10, 2021, the Court granted preliminary approval of the Settlement[1] of this wage and hour, hybrid collective and class action under the Fair Labor Standards Act ("FLSA") and Rule 23 of the Federal Rules of Civil Procedure. *See* ECF No. 137 ("Preliminary Approval Order"). The Settlement provides excellent monetary payments for the Collective Members and Settlement Class Members.[2] The overall average *net* recovery stands at approximately $1,770 for each Technician.[3] This exceptional result only came after multiple years of hard-fought litigation, including considerable motion practice, conditional certification of the Collective, extensive document and written discovery, and intensive mediation and arms' length negotiations with the assistance of a respected wage and hour mediator.

---

[1] The "Settlement" or "Settlement Agreement" refers to the Class and Collective Action Settlement Agreement and Release, filed at ECF No. 121-1.
[2] Plaintiffs, Collective Members, and Settlement Class Members are sometimes referred to hereafter as "Class Members" or "Technicians" for ease of reading.
[3] This overall figures divides the Net Settlement Amount by the number of Collective Members and Settlement Class Members, and thereby does not factor in the amount of workweeks for each Technician.

Class Counsel achieved this Settlement through effort and skill in the face of substantial risk. The risk that class certification would not be granted, or that a decertification motion would be granted, was considerable. The Technicians are dispersed in the field, working at different locations across the eastern United States. Establishing that such workers are similarly situated with respect to off-the-clock claims would have imposed significant hurdles. Though Plaintiffs and Class Counsel are confident that they would have obtained certification and defeated any decertification motions, they faced further risk in prosecuting the claims on the merits. The Court recognized the significant risk that "the class might have received no recovery if this case proceeded to trial." Preliminary Approval Order, p. 9.  The requested fee award is warranted by Class Counsel's persistence and skill in obtaining an excellent settlement in the face of these considerable risks.

A one-third fee award is within the typical range of attorneys' fees awarded in this Circuit. Class Counsel's aggregate lodestar, representing a negative multiplier of the requested fee, further underscores that Class Counsel seek reasonable compensation for the exceptional Settlement that they have achieved. Plaintiffs additionally seek reimbursement of $44,191.25 in costs, which the Court should approve as reasonable and necessary to reach this result for the Collective Members and Settlement Class Members.

For these reasons, and as set forth hereinafter, Plaintiffs respectfully request that the Court grant the requested approvals.

## II.        OVERVIEW OF CLASS COUNSEL'S WORK ON THE ACTION

In three years of litigation, Class Counsel has devoted over 3,100 hours to the prosecution

of the action, with a total aggregate lodestar amount of over $1,749,000.[4] *See* Declaration of Carolyn Hunt Cottrell ("Cottrell Decl."), ¶ 11; Declaration of Alexandra K. Piazza ("Piazza Decl."), ¶ 14; Declaration of Sarah R. Schalman-Bergen ("Schalman-Bergen Decl."), ¶ 13. Class Counsel vigorously litigated the action while also demonstrating willingness to participate in good-faith attempts to settle the action. Class Counsel's efforts culminated in the Settlement, which provides significant monetary benefits for the Technicians.

### A.     Case Initiation

Class Counsel completed an initial investigation of the factual background and claims prior to the filing of initial pleadings. Cottrell Decl., ¶ 12; Piazza Decl., ¶¶ 19, 21. This included extensive communications with both Plaintiffs Jean Pierre and Metelus, review and analysis of prior litigation, and an analysis of Defendant, its operations, and business model. *Id*. Class Counsel drafted a Wage Complaint on behalf of Plaintiff Metelus to the Commonwealth of Massachusetts Office of the Attorney General, and obtained confirmation from that Offices' Fair Labor Division that Plaintiff could pursue a private wage action under Massachusetts law. Cottrell Decl., ¶ 13. Class Counsel filed the initial Collective and Class Action Complaint on July 18, 2018, which asserted wage and hour claims under the FLSA on behalf a proposed collective and under Massachusetts state law on behalf of a proposed Massachusetts Rule 23 class. Cottrell Decl., ¶ 14; ECF No. 1.

Plaintiffs began filing FLSA opt-in consent forms on August 2, 2018. *See* ECF Nos. 4, 5. During this initial period, Plaintiffs filed *pro hac vice* motions and completed service of process (*see* ECF Nos. 6-9, 12, 17), and continued filing FLSA opt-in consent forms as additional

---

[4] These figures represent aggregate amounts, comprised of over 2,467 hours for a lodestar amount of $1,313,987 for BM, over 630 hours for a lodestar amount of $412,943 for SWCK, and over 43 hours for a lodestar amount of $22,444 for Lichten & Liss-Riordan, P.C.

Technicians elected to join the action (*see, e.g.,* ECF Nos. 18, 20, 23, 24).

### B. Conditional Certification

Plaintiffs brought their Motion for Conditional Certification and to Facilitate Notice under 29 U.S.C. § 216(b) on December 6, 2018, seeking conditional certification for the proposed FLSA Collective and to effectuate notice to the Technicians about the action and their ability to opt in. ECF No. 26. The motion was supported by declarations of Plaintiffs Jean Pierre and Metelus an additional opt-in Plaintiffs. *See* ECF No. 27. The motion provided extensive analysis of the work and job functions of Technicians and the complex compensation system utilized by Defendant to determine their pay. *See* ECF No. 27, pp. 3-8.

The Parties completed briefing and argued the conditional certification motion on September 10, 2019. *See* ECF Nos. 48, 51-53, 55. At the oral argument, Judge Kelley requested further briefing and evidence regarding Defendant's alleged common policies and practices that gave rise to the unpaid wages. *See* ECF No. 55. Plaintiff thereafter filed supplemental briefing, supported by in-depth declarations from Technicians, showing that the workers are similarly situated and subject to common policies and practices that denied them wages owed under the FLSA. *See* ECF No. 58. The Court then granted the motion for conditional certification on October 7, 2019. ECF No. 59.

Class Counsel then conferred with Defendant's Counsel regarding the form and method of FLSA notice to the Technicians, pursuant to the Court's directions. *See* ECF No. 61; Cottrell Decl., ¶ 18. The Parties agreed on a robust notice protocol that provided for dissemination of notice via U.S. Mail, email, and text message, along with a notice website and posting of the notice at each of Defendant's job sites. *Id.* The Court approved the notice protocol and forms of notice on October 16, 2019. *See* ECF No. 62.

4

Class Counsel worked with the FLSA notice administrator, Angeion Group, and Defendant's Counsel to complete the dissemination of the notice. Cottrell Decl., ¶ 19. Approximately 218 Technicians ultimately opted into the action; Class Counsel duly filed the opt-in forms with the Court. *See, e.g.*, ECF No. 98.  Class Counsel also engaged in significant outreach with Collective Members to support the prosecution of their claims. Cottrell Decl., ¶ 19; Piazza Decl., ¶¶ 22, 24.

### C.    Initial Discovery

Plaintiffs served requests for production of documents and interrogatories on August 8, 2019, which sought extensive documents and information pertaining to Plaintiffs and putative Collective and Class Members. Cottrell Decl., ¶ 20. Defendant served initial responses on September 23, 2019. *Id.* The Parties thereafter engaged in significant written and telephonic meet and confer, resulting in Defendant serving supplemental responses and productions in January and February 2020. *Id.*, ¶ 21.  Defendant formally produced over 15,000 pages of documents, including but not limited to payroll and timekeeping documents, policies, handbooks, and various contracts. *Id.*, ¶ 22.  Class Counsel engaged in considerable document review of these extensive materials. *Id.*

Defendant served requests for production of documents and interrogatories on Plaintiffs Robenson and Metelus on October 16, 2019. *Id.*, ¶ 23. Class Counsel worked closely with Plaintiffs Robenson and Metelus to prepare responses and compile relevant documents, and served formal responses on November 25, 2019 and November 26, 2019, respectively. Cottrell Decl., ¶¶ 23. Discovery practice continued through the litigation of this action until the Settlement was reached. Cottrell Decl., ¶ 24; Piazza Decl., ¶¶ 22-24, 26.

### D.      Mediation and Amendment of Complaint

Following the conclusion of the opt-in period, the Parties began discussions regarding potential mediation of the action. Cottrell Decl., ¶ 25. The Parties ultimately agreed to a mediation session with experienced mediator Mark Irvings, set for May 5, 2020, in Boston. *Id*. The Parties further conferred regarding the scope of discovery necessary for a productive mediation session, and regarding Plaintiffs' intention to amend their complaint to add additional Named Plaintiffs and Rule 23 classes under laws of additional states. *Id*., ¶ 26.

The Court stayed all deadlines in anticipation of the mediation and granted Plaintiffs leave to file the First Amended Collective and Class Action Complaint ("FAC"), which Plaintiffs filed on February 28, 2020. *See* ECF Nos. 85, 91. The operative FAC adds Plaintiffs McKee and Fauntleroy, with Plaintiff McKee representing putative Maine and New Hampshire classes and Plaintiff Fauntleroy representing a putative Pennsylvania class. *See* ECF No. 91.

Class Counsel engaged in extensive analysis of the relevant law as well as Defendant's policies and practices ahead of the mediation. Cottrell Decl., ¶ 28; Piazza Decl., ¶¶ 19. Defendant produced additional documents in April 2020 to support the mediation. Cottrell Decl., ¶ 29. Class Counsel analyzed and evaluated the merits of the claims made against Defendant in this action, conducted interviews with Plaintiffs and the Opt-In Plaintiffs, reviewed documents that Defendant had produced during the course of discovery relating to J&L's compensation policies and practices, and analyzed payroll data. Cottrell Decl., ¶ 30; Piazza Decl., ¶ 19. Prior to the mediation, Plaintiffs prepared a detailed mediation statement and performed calculations of potential damages based on the extensive pay data provided by Defendant.  Cottrell Decl., ¶ 31; Piazza Decl., ¶¶ 22, 24-25.

On May 5, 2020, the Parties participated in a full-day remote mediation session with Mr.

Irvings, a respected and experienced wage and hour mediator. Cottrell Decl., ¶ 32; Piazza Decl., ¶ 19. Class Counsel adeptly argued the Class and Collective claims at mediation and engaged in subsequent negotiations through the mediator. *Id*. Despite these efforts, the Parties were unable to reach an agreement during or immediately after the May 5, 2020 mediation. Cottrell Decl., ¶ 33.

### E.    Continued Litigation

After the mediation, the Parties proceeded with vigorous litigation. On May 22, 2020, Defendant filed a motion to amend its answer to Plaintiffs' FAC to include a defense that the Technicians were exempt from overtime under the FLSA pursuant to the retail exemption set out in 29 U.S.C.A. § 207(i), and exempt from overtime under Pennsylvania and New Hampshire wage laws pursuant to comparable exemptions under those states' laws. *See* ECF No. 100. Class Counsel drafted their successful opposition to this motion, filed on June 5, 2020. ECF No. 104. Following oral argument, Judge Kelley denied Defendant's motion to amend. *See* ECF No. 105. On June 24, 2020, Defendant filed objections to the Magistrate's Order denying its motion to amend and Class Counsel drafted another significant brief to oppose Defendant's objections, filed on July 8, 2020. *See* ECF Nos. 107, 109.

During this period, Class Counsel continued to actively conduct pre-trial discovery. Cottrell Decl., ¶ 35. Plaintiffs noticed depositions and, after conferring, agreed to take the depositions of two Rule 30(b)(6) witnesses, which were set for August 27 and 28, 2020. *Id*. Pursuant to Class Counsel's meet and confer efforts, Defendant also made supplemental document productions of thousands of additional documents in July and August 2020. *Id*.

On July 24, 2020, Defendant served written discovery requests on 52 opt-in Plaintiffs, as well as Plaintiffs McKee and Fauntleroy. Cottrell Decl., ¶ 36. Defendant's Counsel also requested deposition dates for the four Named Plaintiff as well as 13 opt-in Plaintiffs. *Id*. Class Counsel

immediately began working with these Technicians and engaged in intensive efforts to gather information and documents and prepare responses. *Id*., ¶ 37. With virtually all of this work completed, the Parties agreed to continue the responses on the basis of the agreement to settle the action in its entirety, just before the response deadline. *Id*.

### F.      Settlement

Following the mediation, the Parties continued to discuss informal resolution of this matter, and the case settled on August 26, 2020 with the assistance of the mediator. Cottrell Decl., ¶ 38. The Parties memorialized their agreement in principle in a binding Memorandum of Understanding ("MOU") on August 28, 2020. *Id*.; *see* ECF 131-1 at pp. 54-57. Pursuant to the agreement to settle, the Parties requested that the Court hold in abeyance any ruling on Defendant's objections to the Magistrate's order and stay all case deadlines. *See* ECF Nos. 115, 116.

The Parties then negotiated and drafted the long-form Settlement Agreement. Cottrell Decl., ¶ 39; Piazza Decl., ¶¶ 19-20. The Settlement Agreement is detailed and complex, as it resolves a hybrid FLSA collective and Rule 23 action with four state law classes and workweek weightings to account for differences in state laws. *Id*. Class Counsel spent significant time communicating with the potential settlement administrators to obtain accurate administration estimates. *See* Piazza Decl., ¶¶ 17, 22. The drafting process involved several rounds of edits and a separate drafting process for the settlement notice. Cottrell Decl., ¶ 39. The Parties executed the finalized Settlement on October 14, 2020. *Id*., ¶ 40.

### G.      Preliminary Approval

Class Counsel then drafted the preliminary approval motion and supporting papers, filed with the Court on October 14, 2020. *See* ECF Nos. 120-121; Cottrell Decl., ¶ 41. On February 2, 2021, the Court ordered the four Named Plaintiffs to attend the hearing and be prepared to discuss

their attorneys' fee agreements. *See* ECF No. 124. Class Counsel argued the preliminary approval motion, and the Plaintiffs appeared, on February 3, 2021. *See* ECF No. 125. At the hearing and in its accompanying Memorandum and Order, the Court ordered Plaintiffs to file supplemental briefing concerning whether the Court has supplemental jurisdiction over the state law claims, the adequacy of the proposed class representatives, and how Class Counsel calculated their damages estimate. *See* ECF No. 126.

Class Counsel filed the supplemental briefing along with other documents requested by the Court on February 16, 2021. *See* ECF No. 131; Cottrell Decl., ¶¶ 43, 64. As part of this considerable submission, Class Counsel proffered redacted versions of the retainer agreements, declarations from each of the four Named Plaintiffs, and an updated form of settlement notice. *See id*. Class Counsel filed an accompanying motion for leave for the retainer agreements to be filed under seal. ECF No. 130.

Upon considering the supplemental submission, the Court granted preliminary approval on May 10, 2021. ECF No. 137. The Court scheduled the Final Approval Hearing for August 31, 2021. *Id*. Class Counsel worked with the Court-appointed settlement administrator, Angeion Group, to disseminate the settlement notice and establish the settlement website pursuant to the Settlement and the Court's Preliminary Approval Order. Cottrell Decl., ¶ 41; Piazza Decl., ¶¶ 17, 21-22, 24.

Final approval papers are due on August 18, 2021. *See* ECF No. 137. In the coming weeks, Class Counsel will prepare the final approval motion and supporting papers, continue to oversee the settlement notice process, oversee the disbursement of settlement funds, and handle inquiries from Technicians regarding the action and the Settlement. Cottrell Decl., ¶ 45; *see also* Piazza Decl., ¶¶ 17, 21-22, 24.

### III.     ARGUMENT

#### A.     District Courts in the First Circuit Routinely Approve One-Third Fee Awards

In a class action settlement, the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement. Fed. R. Civ. P. 23(h). The First Circuit recognizes two general methods for awarding attorneys' fees in class actions: (1) the "percentage of fund" ("POF") method; and (2) the "lodestar" method. *In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 307 (1st Cir.1995); *see also Heien v. Archstone*, 837 F.3d 97, 100 (1st Cir. 2016). The First Circuit has endorsed the POF method as the preferred approach in complex litigation. *In re Thirteen Appeals*, 56 F.3d at 307; *Heien*, 837 F.3d at 100 (POF method is "prevailing praxis"); *O'Connor v. Oakhurst Dairy*, No. 2:14-00192-NT, 2018 U.S. Dist. LEXIS 102244, at *10 (D. Me. June 19, 2018) ("The First Circuit has approved of the POF method as the prevailing approach used in common fund cases.").

Courts have the power to award reasonable attorneys' fees and costs where, as here, a litigant proceeding in a representative capacity secures a substantial benefit for a class of persons. "The POF method permits the judge to focus on 'a showing that the fund conferring a benefit on the class resulted from' the lawyers' efforts." *In re Thirteen Appeals*, 56 F.3d at 307 (quoting *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991). The POF method is more efficient for courts to administer, and also encourages efficient litigation by plaintiffs' attorneys. *Id.* (citing *Swedish Hosp. Corp. v. Shalala*, 303 U.S. App. D.C. 94, 1 F.3d 1261, 1269 (1993)). The First Circuit additionally found that the POF approach "better approximates the workings of the marketplace." *Id.* (citing *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 572 (7th Cir. 1992)).

Where the court utilizes a percentage-of-funds approach to assessment of attorney fees, a lodestar analysis is not required. *Curtis v. Scholarship Storage Inc.*, No. 2:14-cv-303-NT, 2016

U.S. Dist. LEXIS 70410, at *10-11 (D. Me. May 31, 2016). However, the "court may also, in its discretion, consider a 'lodestar cross check' to gauge the reasonableness of any percentage of fund award." *Bacchi v. Mass. Mut. Life Ins. Co.*, No. 12-11280-DJC, 2017 U.S. Dist. LEXIS 184926, at *10 (D. Mass. Nov. 8, 2017).

District Courts in the First Circuit routinely approve one-third fee awards in settled wage and hour class actions. *See, e.g.*, *Roberts v. TJX Cos.*, No. 13-cv-13142-ADB, 2016 U.S. Dist. LEXIS 136987, at *45 (D. Mass. Sep. 30, 2016). A one-third award is in accord with, albeit slightly higher than, the "20 to 30% range" that this Court has identified as frequently appropriate in settled class actions. *Ark. Teacher Ret. Sys. v. State St. Bank & Tr. Co.*, No. 11-10230-MLW, 2020 U.S. Dist. LEXIS 33552, at *10 (D. Mass. Feb. 27, 2020) (Wolf, J.); *see also Bettencourt v. Jeanne D'Arc Credit Union*, No. 17-cv-12548-NMG, 2020 U.S. Dist. LEXIS 106469, at *4 (D. Mass. June 17, 2020) ("Standard awards in the First Circuit range from 20% at the low end to 33% at the high end."). However, "[t]he district court may adjust the benchmark when special circumstances indicate a higher or lower percentage would be appropriate." *Ark. Teacher Ret. Sys.*, 2020 U.S. Dist. LEXIS 33552, at *44 (internal quotation and citation omitted). These special circumstances exist here.

**B.     The Result Achieved, and the Effort, Skill, and Risk Involved, Favor a One-Third Fee Award**

In determining the reasonableness of a POF fee award, this Court and other district courts in this Circuit have considered factors including (1) the size of the fund created and the number of persons benefitted; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; (7) the awards in similar cases; and (8)

11

public policy. *Ark. Teacher Ret. Sys.*, 2020 U.S. Dist. LEXIS 33552, at *44; *Roberts*, 2016 U.S.

Dist. LEXIS 136987, at *34; *Harden Mfg. v. Pfizer, Inc (In re Neurontin Mktg. & Sales Practices*

*Litig.)*, 58 F. Supp. 3d 167, 170 (D. Mass. 2014). Each of these factors weighs in favor of a one-

third fee award.

**1.     The significant settlement fund benefits hundreds of workers.**

First, Class Counsel has obtained a significant settlement fund that will provide real

benefits to hundreds of workers. The $1,850,000 settlement amount will provide excellent

monetary payments for approximately 630 Collective Members and Settlement Class Members.[5]

Cottrell Decl., ¶ 47. The overall average *net* recovery stands at approximately $1,770 for each

Technician. *Id*. Technicians with longer tenures will receive relatively higher payments, as the

settlement awards are based on the number of workweeks for each Technician. *See* Settlement

(ECF No. 121-1), ¶ 2.3. The considerable payments to hundreds of Technicians counsel in favor

of the requested fee award.

Additionally, this is <u>not</u> such a large class action recovery that the POF award must be

lowered "to avoid giving attorneys a windfall at the plaintiffs' expense." *In re Neurontin Mktg. &*

*Sales Practices Litig.*, 58 F. Supp. 3d at 170. As discussed *infra*, Class Counsel are not receiving

a windfall here as their lodestar far exceeds the requested fee. This is not a megafund settlement,

---

[5] In the preliminary approval papers, Plaintiffs reported that there were approximately 545 Collective and Settlement Class Members, resulting in an overall average net recovery of over $2,000 per each Technician. *See* ECF No. 131, p. 11. This number of Collective and Class Members was memorialized in the Settlement (ECF No. 121-1) at ¶ 1.7 ("The total number of Settlement Class and Collective Members is approximately 545"). The finalized Class Member information provided by Defendant for settlement administration reflects an increase to approximately 630 Settlement Class and Collective Members. Cottrell Decl., ¶ 48. Assuming this is correct, the average recovery for each Technician is approximately $1,770. *Id*. Class Counsel are conferring with Defendant's Counsel on this issue and will provide further information in their final approval papers.

but rather a wage and hour collective and class settlement where the requested fee is easily justified by the large amount of attorney time and effort involved in prosecuting the action on behalf of the workers. In this circumstance, an upward departure from the customary 20 to 30 percent range is appropriate.

### 2.   No Class Members have objected.

To date, Class Counsel have not received *any* objections to the Settlement or the requested fee and cost award. Cottrell Decl., ¶ 54. Indeed, no Class Members have opted out of the Settlement. *Id*. The Notice of Settlement clearly sets forth the amount of fees and costs that Class Counsel are requesting, that Class Counsel will file the instant motion to make such request of the Court, and the Court will determine the fee and cost award at the Final Approval Hearing. *See* ECF 137-1, § 10. Despite this full disclosure, no Technicians have voiced any objection to the requested fee. Cottrell Decl., ¶ 54.  This reflects a thoroughly positive response by the Technicians, and weighs in favor of a one-third fee award.[6]

### 3.   The action was prosecuted by skilled, experienced, efficient counsel.

Plaintiffs and the Technicians are represented by highly skilled and experienced counsel. *See* Cottrell Decl., ¶¶ 8-10; Piazza Decl., ¶¶ 2-5. Class Counsel are adept class action litigators, with decades of experience representing workers in wage and hour actions and dozens of successful results in such cases. *Id*. Class Counsel's skill is confirmed by their diligent prosecution of the claims at issue, which extend across multiple bodies of substantive law, through three years of difficult litigation. This skill and expertise are illustrated by Class Counsel's successful motion

---

[6] The opt out and objection deadline is August 10, 2021. *See* Preliminary Approval Order (ECF No. 137), p. 11. With their final approval papers, Class Counsel will provide updated information regarding any opt outs and objections following the close of the opt out and objection period.

practice—Plaintiffs prevailed on the motion for conditional certification, obtained a favorable Magistrate ruling denying Defendant's motion to amend its answer, and successfully obtained preliminary approval of the Settlement. *See* ECF Nos. 59, 105, 137. Each of these motions required significant briefing and oral argument. *See* Section II, *supra*.

Class Counsel's skill and experience led to an efficient result—an excellent settlement that was achieved without the need to further litigate certification issues and engage in a protracted trial. Class Counsel's skillful and efficient prosecution of the claims of the Technicians weighs significantly in favor of the requested fee award.

### 4.     The action is complex and extended through several years of litigation, with significant risk of non-payment.

This action involves a conditionally certified FLSA Collective, four putative Rule 23 classes, and four Named Plaintiffs. It encompasses hundreds of workers. Plaintiffs bring claims under federal law, and additionally under Massachusetts, Maine, New Hampshire, and Pennsylvania law. The operative FAC is a lengthy and complex pleading. *See* ECF No. 91. Discovery requests were served by Defendant for dozens of opt-in Plaintiffs, in addition to each of the four Named Plaintiffs. Cottrell Decl., ¶¶ 36-37. The action involved considerable motion practice. All of these factors illustrate that this is a complex matter, even in comparison to other wage and hour collective and class actions.

The litigation was also lengthy. Plaintiffs filed this action on July 18, 2018, virtually three years to the date of this motion. The Court recognized that Class Counsel prosecuted the claims through a significant duration: "The parties reached this settlement through mediation and arms-length negotiation after two years of difficult litigation, including discovery, and while facing the proposed of lengthy additional litigation of settlement had not been reached." Preliminary Approval Order (ECF No. 137), p. 8.

Moreover, Class Counsel undertook all the risk of this litigation on a completely contingent fee basis, expending time and incurring expenses with the understanding that there was no guarantee of compensation or reimbursement. Cottrell Decl., ¶ 53; Piazza Decl., ¶ 12. The Court recognized a significant risk that Plaintiffs would not be successful, noting "the risk that the class might have received no recovery if this case proceeded to trial…." Preliminary Approval Order (ECF No. 137), p. 9.  If they were unsuccessful in obtaining a positive result, Class Counsel would not receive *any* compensation for their large investment of time and resources in prosecuting the claims. The successful result obtained after multiple years of complex litigation, in the face of considerable risk of non-payment, further counsels in favor of a one-third fee award.

### 5.      Class Counsel have devoted thousands of hours to this case.

As set forth in Section II, *supra*, and the attached declarations of Class Counsel, this action required large amounts of attorney time beginning at the pleadings stage, through conditional certification, extensive discovery practice, mediation, and additional motion practice, and continuing through settlement, preliminary approval, overseeing the settlement notice process, and final approval. By any measure, this is not an action that settled quickly in the early stages of the case. Rather, it has been intensively litigated, requiring the commitment of thousands of attorney hours. This extensive time commitment weighs heavily in favor of the requested fee award.

### 6.      Courts routinely award one-third fee awards in wage and hour class action settlements.

As discussed above, courts in this Circuit and elsewhere routinely approve one-third fee awards in successful wage and hour settlements. *See, e.g.*, *Roberts*, 2016 U.S. Dist. LEXIS 136987, at *45 (one-third fee, reflecting a lodestar multiplier of nearly 2, reasonable in light of the counsel's efforts in wage and hour collective and class action); *O'Connor,* 2018 U.S. Dist. LEXIS 102244, at *10 ("A one-third contingent fee is common in wage-and-hour cases."); *Curtis,* 2016 U.S. Dist.

LEXIS 70410, at *10-11 (same); *Scovil v. FedEx Ground Package Sys.*, No. 1:10-CV-515-DBH, 2014 U.S. Dist. LEXIS 33361, at *21 (D. Me. Mar. 14, 2014) (taking judicial notice that contingent fees of one-third are common in wage and hour class action settlements). "'Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.'" *Romero v. Producers Dairy Foods, Inc.*, No. 1:05cv0484 DLB, 2007 U.S. Dist. LEXIS 86270, at *10 (E.D. Cal. Nov. 13, 2007) (awarding one-third fee award in wage and hour class action, and quoting 4 Newberg and Conte, *Newberg on Class Actions* § 14.6 (4th ed. 2007)).[7]

In *Soto, et al. v. O.C. Communications, Inc., et al.*, Case No. 3:17-cv-00251-VC, ECF 304, 305 (N.D. Cal. Oct. 23, 2019), the Northern District of California recently awarded BM and SWCK one-third fee awards in hybrid FLSA/Rule 23 wage and hour class and collective actions. In *Soto*, District Judge Vince Chhabria noted that the one-third award was "justified under the common fund doctrine, the range of awards ordered in this District and Circuit, the excellent results obtained, the substantial risk borne by Class Counsel in litigating this matter, the high degree of skill and quality of work performed, the financial burden imposed by the contingency basis of Class Counsel's representation of Plaintiffs and the Classes and Collective, and the additional work required of Class Counsel to bring this Settlement to conclusion." *Id.* (ECF No. 305).

These cases confirm that in wage and hour class action settlements, which typically do not

---

[7] S*ee also In re Loestrin 24 Fe Antitrust Litig.*, No. MDL No. 2472, 2020 U.S. Dist. LEXIS 125746, at *50 (D.R.I. July 17, 2020) (one-third fee award in antitrust action is "fair, reasonable and appropriate compensation"); *Bennett v. Roark Capital Grp., Inc.*, No. 2:09-cv-00421-GZS, 2011 U.S. Dist. LEXIS 48094, at *6 (D. Me. May 4, 2011) (awarding "customary one-third fee" in settled WARN Act class action); *Kondash v. Citizens Bank*, No. 18-cv-00288-WES-LDA, 2020 U.S. Dist. LEXIS 241588, at *18 (D.R.I. Dec. 23, 2020) (one-third fee award in TCPA action, amounting to $612,5000, is "fair, reasonable and appropriate compensation for the work done by Class Counsel to create the Settlement Fund").

involve megafund amounts that result in large multipliers over lodestar, a fee award of one-third is standard and appropriate. Class Counsel here have achieved a robust settlement in a difficult wage and hour action, and the requested one-third fee is reasonable and should be approved by the Court.

### 7.    Public policy supports the requested fee award.

Substantial fee awards encourage attorneys to take on risky cases on behalf of clients who cannot pay hourly rates and would therefore not otherwise have realistic access to courts. That access is particularly important for the effective enforcement of public protection statutes, such as the wage laws at issue here. *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 344 (1979) ("private suits provide a significant supplement to the limited resources available to [government enforcement agencies] for enforcing [public protection] laws and deterring violations."). By incentivizing plaintiff's attorneys to take on risky, high-stakes, and important litigation, and devote themselves to it aggressively and fully, fee awards serve an important purpose and extend the access of top legal talent to constituencies such as low-wage workers who would otherwise never be able to confront employers, who are themselves represented by top-rated attorneys.

In this case, although the risks were front and center, Class Representatives and Class Counsel committed themselves to developing and pressing the legal claims to enforce the employees' rights and maximize the class and collective recovery. Accordingly, a one-third recovery for fees is appropriate.

### C.    A Lodestar Cross-Check Confirms that a One-Third Fee Is Reasonable

First Circuit courts have the discretion to employ (or decline to employ) a "lodestar cross-check" on a request for a percentage of the fund fee award. Though not required, this Court has found that such a cross-check is "useful" in evaluating the reasonableness of a POF fee award.

17

*Ark. Teacher Ret. Sys.*, 2020 U.S. Dist. LEXIS 33552, at *47-48.[8] Class Counsel's accompanying declarations provides a summary of the lodestar, time and hourly rates, as well as descriptions of the nature of work performed.[9] *See* Cottrell Decl., ¶¶ 55-69; Piazza Decl., ¶¶ 14-28. The hourly rates supplied are Class Counsel's customary rates for purposes of lodestar cross-checks in common fund cases. Cottrell Decl., ¶ 59; Piazza Decl., ¶ 16.

The cross-check more than supports the requested fees. Class Counsel has spent over 3,100 hours litigating this action, for a current aggregate lodestar of over $1,749,000, not including all the work remaining to bring the Settlement to a close.[10] Cottrell Decl., ¶¶ 11, 55, 57; Piazza Decl., ¶¶ 14-16. This amount *far exceeds* the requested fee, resulting in a 0.353 negative multiplier. Cottrell Decl., ¶ 56. The lodestar confirms that the one-third fee award is very reasonable. *See, e.g., Zamora v. Lyft, Inc*., No. 3:16-cv-02558-VC, 2018 U.S. Dist. LEXIS 166618, at *11 (N.D. Cal. Sep. 26, 2018) (finding that "lodestar multiplier of 0.86x strongly supports the 33 1/3% fee award").

### D.    Class Counsel's Costs Should Be Approved

Rule 23(h) provides that a court may award reasonable attorney costs, and the FLSA and state wage and hour laws also provide for the reimbursement of costs. *See, e.g.,* 29 U.S.C. § 216(b); Mass. Ann. Laws ch. 149, § 150. First Circuit courts routinely order reimbursement of out-of-pocket costs in the context of class action settlements. *See, e.g., O'Connor*, 2018 U.S. Dist. LEXIS

---

[8] *See also Vizcaino v. Microsoft Corp*., 290 F.3d 1043, 1050, n.5 (9th Cir. 2002) (noting that while "primary basis of the fee award remains the percentage method," lodestar "may" be useful, but that it is "merely a cross check" and "it is widely recognized that the lodestar method creates incentives for counsel to expend more hours than may be necessary on litigating a case").

[9] Due to the amount of privileged information contained in the actual hourly billing records, Class Counsel do not include those detailed records with this filing but can easily provide them for this Court's *in camera* review should the Court wish to review them.

[10] Class Counsel also provide prior approvals of the rates used here for the lodestar cross-check in the Cottrell Decl. at ¶¶ 59-60 and the Piazza Decl. at ¶ 16.

102244, at *10 (ordering $50,000 for reimbursement of attorneys' costs in settled wage and hour action); *Veilleux v. Maine*, No. 1:16-cv-571-LEW, 2020 U.S. Dist. LEXIS 210895, at *7 (D. Me. Nov. 9, 2020); *Bacchi*, 2017 U.S. Dist. LEXIS 184926, at *17 (ordering reimbursement of litigation expenses of $1,533,575.85 on the basis that the court "cannot say that such expenses, either in whole or in any particular part, are unreasonable").

Here, Class Counsel may seek up to $50,000 in out-of-pocket costs. *See* Settlement (ECF No. 121-1), ¶ 2.1. Class Counsel's costs to date are less than the $50,000 maximum, and currently stand at $44,191.25 in total for BM and SWCK. *See* Cottrell Decl., ¶¶ 73-76; Piazza Decl., ¶¶ 32-33; Schalman-Bergen Decl., ¶¶ 22-24. The expenses incurred in this litigation to date are described in the accompanying declarations. *See id*. These expenses are of the type typically billed by attorneys to paying clients in the marketplace and include such costs as FLSA notice administration costs, attorney travel, mediation fees, copying and printing costs, and computerized research. Such costs are routinely found to be reasonable and awarded reimbursement by federal courts. *See, e.g.*, *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2007) (holding that attorneys "may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters" and awarding reimbursement for expenses for "photocopying, printing, postage and messenger services, court costs, legal research on Lexis and Westlaw, experts and consultants, and the costs of travel for various attorneys and their staff throughout the case").

All of these expenses were reasonable and necessary for the successful prosecution of the action, and pursuant to the terms of the Settlement, Defendant does not object to the request for costs up to $50,000. Further, no Class Member has objected to the request for costs. Cottrell Decl., ¶ 75. Class Counsel therefore requests reimbursement of costs in the amount of $44,191.25.

**IV.**     **CONCLUSION**

The Named Plaintiffs and Class Counsel have expended considerable time and effort through several years of intensive litigation. Class Counsel have litigated the case with great skill and brought considerable expertise to the prosecution of the Technicians' claims. The excellent Settlement is a result of this hard work. The requested fees and costs are quite reasonable in light of these significant efforts, and Plaintiffs respectfully submit that the Court should grant this motion in its entirety.

Dated: July 16, 2021

/s/ Carolyn H. Cottrell
Carolyn H. Cottrell
Ori Edelstein
Michelle S. Lim
SCHNEIDER WALLACE
COTTRELL KONECKY, LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
mlim@schneiderwallace.com

Alexandra K. Piazza
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
apiazza@bm.net

Sarah R. Schalman-Bergen
Matthew W. Thomson
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
ssb@llrlaw.com
mthomson@llrlaw.com

*Attorneys for Plaintiffs, the Collective and
Settlement Classes*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 16, 2021, a copy of this document was served by electronic filing on all counsel of record.

/s/ Carolyn H. Cottrell
Carolyn H. Cottrell