IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBENSON JEAN-PIERRE, JEAN METELUS, BILL MCKEE and MICHAEL GARY FAUNTLEROY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>J&L CABLE TV SERVICES, INC.,<br><br>Defendant. | Docket No. 1:18-cv-11499-MLW |

*allowed* [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF SETTLEMENT AGREEMENT AND JUDGMENT

8/31/21

Plaintiffs Robenson Jean-Pierre, Jean Metelus, Bill McKee and Michael Gary Fauntleroy ("Plaintiffs"), on behalf of themselves and each Settlement Class Member by and through their counsel, have moved for an order finally approving the settlement of the above captioned action and for an order granting Plaintiffs' request for attorneys' fees and costs, in accordance with the Class and Collective Action Settlement Agreement and Release dated October 14, 2020 (Dkt. No. 121-1, the "Settlement"), which sets forth the terms and conditions for a proposed settlement of this action and its dismissal with prejudice. Pursuant to the terms of the Settlement, Defendant J&L Cable TV Services, Inc. ("Defendant") does not oppose the requested relief.

On May 10, 2021, this Court entered an Order that preliminarily approved the Agreement, conditionally certified the Settlement Class pursuant to Federal Rule of Civil Procedure 23 and certified the Settlement Collective pursuant to the Fair Labor Standards Act. Dkt. No. 137.

Due and adequate notice was given to the Settlement Class in compliance with the procedures set forth in the Settlement and the Preliminary Approval Order. The Court considered

all papers filed and proceedings had herein.

The Court conducted a hearing on August 31, 2021, to consider, among other things, whether the settlement should be finally approved as fair, reasonable, and adequate, whether Class Counsel's request for approval of attorneys' fees and expenses is reasonable and should be approved by the Court, and whether Class Representatives' request for approval of incentive awards is reasonable and should be approved by the Court. Otherwise being fully informed of the premises, and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Order and Judgment incorporates by reference the definitions in the Settlement, and all terms used herein shall have the same meanings as those set forth in the Settlement, unless otherwise defined in this Order and Judgment.

2. The Court finds that the Settlement is the product of good faith, arm's length negotiations by the Parties, with the substantial involvement of an independent, experienced mediator, and that each Party was represented by experienced counsel.

3. This Court has subject matter jurisdiction over the Action, and, for purposes of this settlement only, personal jurisdiction over all the Parties, including all Settlement Class Members.

4. Pursuant to Fed. R. Civ. P. 23 and consistent with due process, this Court finally approves the Settlement and finds that the Settlement is fair, reasonable and adequate to the Settlement Class Members, and the Parties are hereby directed to perform its terms.

5. The Parties dispute the validity of the claims in this litigation, and their dispute underscores not only the uncertainty of the outcome, but also why the Court finds the Settlement to be fair, reasonable, adequate, and in the best interests of the Class Members. Beyond facing

uncertainty regarding the resolution of those issues, by continuing to litigate, ~~Class Members~~ *MLW*
would also face substantial challenges in attempting to ~~certify a class and~~ in surviving an appeal
of any class ~~certification order entered~~ in this Action, as well as surviving an appeal of any other
~~rulings rendered during a trial of the Action.~~

  6. Settlement Class Members had the right to exclude themselves from the Settlement Classes or to object to the Settlement by way of the procedures set forth in the Preliminary Approval Order and Settlement. The Court finds that no Settlement Class Members have objected to or requested exclusion from the Settlement.

  7. For settlement purposes, the Court certifies the each of the following Settlement Classes ("State Law Settlement Classes") as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

- *Massachusetts State Law Class*: All individuals who worked for J&L Cable TV Services, Inc. as a Technician in Massachusetts between July 18, 2015 and August 28, 2020;
- *New Hampshire State Law Class*: All individuals who worked for J&L Cable TV Services, Inc. as a Technician in New Hampshire between July 18, 2015 and August 28, 2015;
- *Maine State Law Class*: All individuals who worked for J&L Cable TV Services, Inc. as a Technician between in Maine July 18, 2012 and August 28, 2020;
- *Pennsylvania State Law Class*: All individuals who worked for J&L Cable TV Services, Inc. as a Technician in Pennsylvania between July 18, 2015 and August 28, 2020.

  8. This Court finds that the Class Notice was provided to the Settlement Class consistent with the Preliminary Approval Order and that it was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, due process, and applicable law. The Court further finds that the Notice fully and accurately informed the Rule 23 Class Members of all material elements of the proposed Settlement, of their right to be excluded from the Settlement, and of their right and opportunity to object to the Settlement. A

full opportunity has been afforded to the Rule 23 Class Members to participate in this hearing and all Rule 23 Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Rule 23 Class Members, since none timely and properly executed a request for exclusion, are bound by this Order and Judgment.

9. The Court further finds that the Notice fully and accurately informed the Settlement Collective Members of all material elements of the Settlement. Accordingly, the Court determines that all Settlement Collective Members who submitted timely opt-ins are bound by this Order and Judgment.

10. The Court hereby confirms its approval of the terms and conditions contained in the Settlement as to the Settlement Collective as set forth in its May 10, 2021 Order. See Dkt. No. 137. The Court has already found that the terms of the Settlement represent a fair and reasonable resolution of a bona fide dispute, and are within the range of possible approval, pursuant to the FLSA and applicable law.

11. In accordance with the Court's previous order, the Settlement Collective is defined as "All current and former Technicians who were employed by J&L Cable TV Services, Inc. between July18, 2015 and August 28, 2020 who have opted in to *Robenson Jean-Pierre, Jean Metelus, Bill McKee, and Michael Gary Faunteleroy individually and on behalf of all similarly situated individuals v. J&L Cable TV Services, Inc.*, Civil Action No 1:18-cv-11499, currently pending in the United States District Court for the District of Massachusetts."

12. Plaintiffs Robenson Jean-Pierre, Jean Metelus, Bill McKee, and Michael Gary Fauntleroy are finally approved as Class Representatives of the respective State Law Settlement Classes and of the Settlement Collective.

13. Berger Montague PC, Schneider Wallace Cottrell Konecky LLP, and Lichten &

4

Liss-Riordan, P.C. are finally approved as Class Counsel for the Settlement Class and Settlement Collective.

14. The Court hereby confirms the appointment of Angeion Group as Settlement Administrator, and approves its reasonable administration costs of $30,390, which are to be paid from the Gross Settlement Amount.

15. Greater Boston Legal Services is finally approved as the *cy pres* recipient of any monies remaining in the Settlement Fund ~~.~~ of the common fund).

16. The Court ~~finally approves~~ awards Class Counsel's ~~request for~~ attorneys' fees of in the amount of $555,000 (approximately 30%) for the ~~$616,667 (approximately one-third~~ of the Gross Settlement Amount). ~~This amount is justified~~ reasons stated at the August 31, 2021 hearing. ~~under the common fund doctrine, the range of awards ordered in this District and Circuit, the excellent results obtained, the substantial risk borne by Class Counsel in litigating this matter, the high degree of skill and quality of work performed, the financial burden imposed by the contingency basis of Class Counsel' representation of Plaintiffs and the Classes and Collective, and the additional work required of Class Counsel to bring this Settlement to conclusion. The Court finds the fee award is further supported by a lodestar crosscheck, whereby it finds that the hourly rates of Class Counsel are reasonable, that the estimated hours expended are reasonable, and that a negative multiplier is applicable here.~~

/s/ MLW 8/3/21

17. The Court finally approves Class Counsel's request for litigation costs in the amount of $44,191.25.

18. The Court finally approves service awards of $10,000 to Plaintiff Robenson Jean-Pierre, Jean Metelus, Bill McKee and Michael Gary Fauntleroy each, for a total of $40,000, and finds that these awards are fair and reasonable for the work they provided to the Settlement

Classes and Collective and the broader release they executed than the Settlement Class and Collective Members.

19. Accordingly, good cause appearing, the court hereby approves following implementation schedule:

| | |
|---|---|
| Effective Date | The first business day after the Court's order granting Final Approval of the Settlement |
| Deadline for Angeion to calculate employer share of taxes and provide Defendants with total employer tax contributions | Within 5 business days after the final Settlement Award is approved |
| Deadline for Defendants to deposit the Gross Settlement Amount into the Qualified Settlement Fund | The first payment of $168,181.80 shall be paid no later than fifteen business days after the Court's Order preliminarily approving the Settlement. Subsequent payments shall be due in ten equal installments of $168,181.82 and shall be paid on the 1st calendar day of every month thereafter, although nothing in this Settlement Agreement shall preclude the Defendant from paying the entire amount earlier than scheduled herein |
| Deadline for Defendants to deposit the employer's share of payroll taxes into the Qualified Settlement Account | Within 5 business days of Angeion's deadline to calculate employer share of taxes and total employer tax contributions |
| Deadline for Angeion to make payments under the Settlement to Settlement Class and Collective Members, Class Representatives, Class counsel, and itself | The first business day after the later of the Court's Final Approval or the full funding of the Gross Settlement Amount into the Qualified Settlement Fund |
| Check-cashing deadline | 180 days after issuance |
| Deadline for Angeion to tender uncashed check funds to cy pres recipient Greater Boston Legal Services or redistribute such uncashed funds to Settlement Class and Collective Members who cashed their Settlement Award checks | As soon as practicable after check-cashing deadline |
| Deadline for Angeion to provide written certification of completion of administration of the Settlement to counsel for all Parties | As soon as practicable after redistribution of uncashed check funds to those Settlement Class and Collective Members who cashed their Individual Settlement Award checks, or transfer to the *cy pres* recipient |

20. The Court further orders that, pending further order of this Court, all proceedings in the above-captioned Action, except those contemplated herein and in the Settlement, are stayed,

6

and all deadlines are vacated.

21. Except as otherwise set forth in the Settlement, without affecting the finality of this Order and Judgment in any way, this Court retains continuing jurisdiction to implement the Agreement and to construe, enforce, and administer the Settlement as described in the Settlement. Class Counsel will continue in their role to oversee all aspects of the Settlement.

22. This Court dismisses with prejudice (except as otherwise provided in the Settlement) the above-captioned Action (subject to retention of jurisdiction to enforce the settlement as described in the Settlement).

**IT IS SO ORDERED.**

BY THE COURT,

Dated: August 31, 2021

Mark L. Wolf
United States District Judge